■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAYTON T. STOKES, Appellant. [605 NYS2d 980] —Judgment unanimously affirmed. Same Memorandum as in *People v Stokes* ([No. 124] 198 AD2d 847 [decided herewith]). (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Denman, P. J., Green, Lawton, Fallon and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JACK STOKES, Appellant. [605 NYS2d 712] —Judgment unanimously affirmed. Memorandum: Defendants failed to object to the trial court's additional instructions to the jury on reasonable doubt and thus failed to preserve any issue concerning that charge for appellate review (CPL 470.05 [2]). In any event, the court's charge, considered as a whole, conveyed the proper standard to the jury (see, People v Hill, 154 AD2d 887, lv denied 75 NY2d 813; cf., People v Towndrow, 187 AD2d 194, lv dismissed 81 NY2d 1021). It was not error for the court to question a sworn juror concerning her qualification to serve in defendants' absence but in the presence of counsel. In People v Mullen (44 NY2d 1, 6), the Court of Appeals held that an in camera questioning of a juror was not a "material part" of a trial requiring the presence of defendant, reasoning that defense counsel's presence in those circumstances would suffice (see also, People v Aguilera, 82 NY2d 23; People v Torres, 80 NY2d 944; People v Darby, 75 NY2d 449, 453; People v Johnson, 189 AD2d 318). Moreover, the lack of objection to the procedure used by the court in examining the juror leaves unpreserved for review the contention that the statutory mandates of CPL 270.35 were not met (see, People v Torres, supra).

Defendant Dayton Stokes' contention that he was denied the right to counsel when a pretrial audibility hearing was conducted in the absence of his counsel is without merit. The record reveals that no determination was made in counsel's absence beyond the decision that the court and all counsel would have an opportunity to listen to the tape recordings and that counsel could present arguments or objections at a later time. The absence of Dayton Stokes' counsel from such a preliminary discussion in no way deprived defendant of his right to counsel (cf., People v Fardan, 188 AD2d 1012). We also conclude that, viewing the representation as a whole, defendant received meaningful representation from counsel (see, People v Satterfield, 66 NY2d 796; People v Baldi, 54 NY2d 137).

We find no error in the court's denial of the motion to suppress defendant Jack Stokes' statements to police. The court's findings of fact are entitled to great deference unless clearly erroneous (see, People v Prochilo, 41 NY2d 759, 761). Defendant failed to preserve for review his contention that he was deprived of a fair trial by prosecutorial misconduct. In any event, the instances of misconduct alleged were not so

egregious that defendant was deprived of a fair trial *(see, People v Plant,* 138 AD2d 968, *lv denied* 71 NY2d 1031). (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Denman, P. J., Green, Lawton, Fallon and Boehm, JJ.