reasonably possible" precludes effective disclaimer or denial (Insurance Law § 3420 [d]; *Zappone v Home Ins. Co.,* 55 NY2d 131; *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028). Although third-party defendant Berkshire Mutual Insurance Company (Berkshire) was notified by third-party plaintiff Joseph B. of his claim for coverage under its policy on April 21, 1989, it did not send a notice of disclaimer until June 14, 1989. The complaint alleged the transmission of a communicable disease as the basis for the causes of action asserted against Joseph B. The basis for Berkshire's disclaimer of liability was a communicable disease exclusion set forth in the policy of insurance. Therefore, Berkshire had sufficient facts to disclaim almost two months before giving the required notice; the delay is unreasonable as a matter of law *(see, Hartford Ins. Co. v County of Nassau, supra,* at 1029; *Farmers Fire Ins. Co. v Brighton,* 142 AD2d 547, 548).

Supreme Court should have declared the rights of the parties *(see, St. Lawrence Univ. v Trustees of Theol. School of St. Lawrence Univ.,* 20 NY2d 317, 325; *Pless v Town of Royalton,* 185 AD2d 659, 660, *affd* 81 NY2d 1047). We modify the judgment to declare that Berkshire is obligated to defend and indemnify third-party plaintiff Joseph B. with respect to the action brought against him by plaintiff Alice J. (Appeal from Judgment of Supreme Court, Oswego County, Nicholson, J.—Summary Judgment.) Present—Green, J. P., Balio, Fallon, Doerr and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT MATTHEWS, Appellant. [605 NYS2d 713] —Judgment unanimously affirmed. Same Memorandum as in *People v Stokes* ([No. 124] 198 AD2d 847 [decided herewith]). (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Denman, P. J., Green, Lawton, Fallon and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAYTON T. STOKES, Appellant. [605 NYS2d 980] —Judgment unanimously affirmed. Same Memorandum as in *People v Stokes* ([No. 124] 198 AD2d 847 [decided herewith]). (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Denman, P. J., Green, Lawton, Fallon and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v