█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME WALKER, Appellant. (Appeal No. 2.) [621 NYS2d 990] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant was not present for a *Sandoval* conference held in chambers. Because the record establishes that defendant's presence at the *Sandoval* conference would not have been superfluous, his conviction for criminal possession of a controlled substance in the third and fourth degrees must be reversed *(see, People v Favor,* 82 NY2d 254, *rearg denied* 83 NY2d 801; *People v Dokes,* 79 NY2d 656; *People v Eady,* 185 AD2d 678, *lv denied* 80 NY2d 929).

Defendant entered a plea of guilty to criminal possession of a weapon in the third degree with the understanding that the sentence would be concurrent with the sentence imposed upon his conviction for criminal possession of a controlled substance in the third and fourth degrees, which is reversed. Consequently, reversal of that conviction is also required *(see, People v Fuggazzatto,* 62 NY2d 862; *People v Rice,* 199 AD2d 1054, 1055). (Appeal from Judgment of Monroe County Court, Maloy, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Pine, Lawton, Doerr and Davis, JJ.

█ KENNETH A. OFFERBECK et al., Respondents, v ECOLAB, INC., Appellant, et al., Defendants. (Appeal No. 1.) [621 NYS2d 997] —Appeal unanimously dismissed without costs *(see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Summary Judgment.) Present—Denman, P. J., Pine, Lawton, Doerr and Davis, JJ.