■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK STOKES, Appellant. (Appeal No. 1.) [661 NYS2d 573] —Judgment unanimously reversed on the law and new trial granted. Memorandum: On November 19, 1993, we affirmed defendant's judgments of conviction (*People v Stokes,* 198 AD2d 849, *lv denied* 83 NY2d 810; *People v Stokes,* 198 AD2d 847, *lv denied* 83 NY2d 810). Defendant subsequently moved for a writ of error coram nobis on the ground that he was denied effective assistance of appellate counsel on his appeals because counsel failed to raise an issue on direct appeal that would have resulted in reversal. We concluded that the issue may have merit and granted the motion, vacating the prior orders that affirmed the judgments of conviction and directing that the appeals be heard de novo (*People v Stokes,* 234 AD2d 1013). The People do not dispute the contention that defendant was not present for the *Sandoval* conferences. Because his presence at the *Sandoval* conferences would not have been superfluous, defendant's judgments of conviction must be reversed (*see, People v Favor,* 82 NY2d 254, *rearg denied* 83 NY2d 801; *People v Dokes,* 79 NY2d 656; *People v Walker,* 210 AD2d 1002).

We have reviewed defendant's remaining contentions, which were raised in the prior appeals, and conclude that they are without merit. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Conspiracy, 2nd Degree.) Present—Denman, P. J., Green, Doerr, Balio and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK STOKES, Appellant. (Appeal No. 2.) [661 NYS2d 574] —Judgment unanimously reversed on the law and new trial granted. Same Memorandum as in *People v Stokes* (239 AD2d 955 [decided herewith]). (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Denman, P. J., Green, Doerr, Balio and Fallon, JJ.