■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAYTON T. STOKES, Appellant. [678 NYS2d 755] —Judgment

unanimously reversed on the law and new trial granted. Memorandum: We affirmed defendant's judgment of conviction (*People v Stokes,* 198 AD2d 847, *lv denied* 82 NY2d 931), and defendant thereafter moved for a writ of error coram nobis on the ground that he was denied effective assistance of appellate counsel because counsel failed to raise an issue on direct appeal that would have resulted in reversal. We granted the motion, vacated the prior order that affirmed the judgment of conviction and directed that the appeal be heard de novo (*People v Stokes,* 242 AD2d 975). The record contains an affidavit in which trial counsel avers that defendant was not present at the in-chambers *Sandoval* conferences. The People do not contend that defendant was present, nor do they request a reconstruction hearing. Because defendant's presence at the *Sandoval* conferences would not have been superfluous, the judgment of conviction must be reversed (*see, People v Favor,* 82 NY2d 254, *rearg denied* 83 NY2d 801; *People v Dokes,* 79 NY2d 656; *People v Stokes* [appeal No. 1], 239 AD2d 955, *lv denied* 91 NY2d 881; *People v Walker,* 210 AD2d 1002) and a new trial granted. We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Denman, P. J., Green, Wisner, Balio and Fallon, JJ.