■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN EDWARD DOUGLAS, Appellant. [703 NYS2d 791] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant appeals from a judgment of County Court, entered October 21, 1988, convicting him of two counts each of sexual abuse in the first degree (Penal Law § 130.65 [3]) and endangering the welfare of a child (Penal Law § 260.10 [1]). Defendant contends that he was deprived of his right to be present during the *Sandoval* conference, in violation of the rule announced in *People v Dokes* (79 NY2d 656 [1992]), which rule applies retroactively to all cases on direct appeal (*see, People v Favor*, 82 NY2d 254, 266-267, *rearg denied* 83 NY2d 801).

The People concede that defendant was absent from the in-chambers *Sandoval* conference and that the *Sandoval* ruling was adverse to defendant. Because defendant's presence at the *Sandoval* conference would not have been superfluous, the judgment of conviction must be reversed and a new trial granted (*see, People v Matthews*, 256 AD2d 1097; *People v Stokes*, 254 AD2d 793, *lv denied* 92 NY2d 1054). (Appeal from Judgment of Oneida County Court, Murad, J.—Sexual Abuse, 1st Degree.) Present—Pine, J. P., Hayes, Pigott, Jr., and Balio, JJ.