■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANGEL SEPULVEDA, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 21, 1972, convicting him of felony murder, upon a jury verdict, and sentencing him to a prison term of 25 years to life. Judgment reversed, on the law and as a matter of discretion in the interest justice, and new trial granted. Subdivision 3 of section 125.25 of the Penal Law, under which defendant was convicted, states that a person is guilty of murder when he commits "arson * * * and, in the course of * * * such crime * * * causes the death of a person". The People's case rested heavily on the testimony of one eyewitness who placed defendant at the scene of the crime and testified that he was a participant in the arson. Upon cross-examination, defense counsel read to the witness portions of her prior Grand Jury testimony which directly contradicted her trial testimony regarding defendant's participation in the crime charged in the indictment. The witness admitted recollection of some of her Grand Jury testimony read to her by defense counsel, but did not recall other portions. During summation, defense counsel attempted to refer to this part of his cross-examination of the witness, but the Trial Justice sustained the District Attorney's objection thereto, particularly since the witness testified that she did not recall her Grand Jury testimony. Thereafter, shortly after the jury's deliberations began, the court reassembled the jury to consider a communication from them. The jury requested the testimony of the eyewitness "concerning before fire when car pulled to curb and including fire." The court allowed a reading of the witness's testimony relating to her observations of the crime, but explicitly instructed the jury that the reading of the witness's testimony would "not include the cross-examination for impeachment purposes" based on her prior inconsistent Grand Jury testimony. Defense counsel duly excepted and the court informed the jury that it had foreclosed the reading of the impeaching cross-examination, because such testimony was "not evidence in chief," that "previously given testimony is permitted for * * * only one purpose, and that is to attempt to impeach testimony given in this Court" and that "for that reason, the reading of the testimony was limited as it was." Defendant contends that the afore-noted rulings by the trial court constituted reversible error and deprived him of a fair trial. The People, in their brief, consent to a reversal of the judgment of conviction, in the interests of justice. They contend that the trial court apparently ruled as it did because defense counsel had not produced the Grand Jury stenographer to testify to the accuracy of the transcript from which the questions and answers were read; that a post-trial inspection revealed that the Grand Jury transcript' from which defense counsel had framed his questions is an exact transcription

of the original Grand Jury notes; that the jury was entitled to hear, during defense summation and during the rereading of the eyewitness's testimony, the cross-examination which had been introduced for impeachment purposes; and that defense counsel's failure to call the Grand Jury stenographer should not react to defendant's prejudice. In our opinion, the judgment of conviction must be reversed and we commend the District Attorney for his forthrightness in this matter. We note, however, that we would reverse the judgment of conviction even in the absence of the People's concession. The issue as to the guilt or innocence of defendant was a very narrow one. It has been held in New York and in most jurisdictions in this country that it is not necessary, in order to admit evidence of inconsistent statements, that the witness should deny having made them. If the witness answers that he does not remember having made the statements and will neither admit nor deny having done so, the foundation is sufficiently laid and the self-contradictory statements may be shown to impeach the credibility of the witness (Richardson, Evidence [10th ed.], § 502). While the production of the Grand Jury's stenographer to testify to the accuracy of the transcript from which the questions and answers were read, or the entry of the parties into a stipulation conceding the accuracy of the transcript, would be an ideal situation, it is clear that the People, in turning over the Grand Jury minutes to defense counsel, as they are obligated to do (*People* v. *Rosario,* 9 N Y 2d 286), impliedly attested to their accuracy; indeed the People never contended otherwise at the trial. Under the circumstances herein, it was rversible error for the trial court to preclude the defense attorney, during his summation, from referring to the portion of the cross-examination testimony of the eyewitness which was related to her prior inconsistent Grand Jury testimony and to refuse to have that portion of the cross-examination read to them upon their request. Defendant further contends on appeal that the Trial Justice grossly disparaged counsel throughout the trial, in the hearing and in the presence of the jury, thus depriving him of a fair trial. The People in their brief contend that defense counsel was an obstructionist, who argued every exception and taxed the patience of the Justice. The People, however, state in their brief that they "are inclined" to agree that the running argument between the Trial Justice and defense counsel throughout the course of the trial was such that defendant was inevitably prejudiced thereby. We agree. The issue as to defendant's guilt was very close. While the heated colloquy between the Trial Justice and defense counsel in the presence of the jury was induced to a very large degree by defense counsel's persistently disobedient and obstinate conduct, it cannot be said that its effect on the jury was harmless (*People* v. *Di Carlo,* 242 App. Div. 328). We have examined the remaining points raised by defendant and find them to be without merit. Hopkins, Acting P. J., Martuscello, Latham, Cohalan and Benjamin, JJ., concur.