■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL JENKINS, Appellant.—Judgment, Supreme Court, New York County (Jay Gold, J.), rendered November 29, 1989, convicting defendant, after a jury trial, of burglary in the third degree and petit larceny and sentencing defendant, as a predicate felony offender, to concurrent terms of imprisonment of 2 to 4 years and six months, respectively, unanimously affirmed.

Defendant was allegedly observed by a police officer breaking into a commercial van and removing property from inside. Defendant testified that he had been shooting up heroin in a nearby dumpster, where he found the stolen property, and denied breaking into or entering the van. The court did not err by denying defendant's application to submit trespass to the jury as a lesser included offense of burglary in the third degree, since although it is impossible to commit burglary without at the same time committing trespass *(People v Henderson,* 41 NY2d 233), no reasonable view of the evidence would support a conclusion that defendant committed the lesser offense but not the greater *(People v Glover,* 57 NY2d 61). As to defendant's various *Rosario* claims, we observe that police memo book entries which are unrelated to the present case are not discoverable *(see,* CPL 240.45 [1]; *People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866), nor are witnesses' addresses and phone numbers *(see, People v Poole,* 48 NY2d 144), or a prosecutor's notes with respect to his strategy at arraignment or bail, which are attorney work product.

The court permitted readback of the arresting officer's direct testimony, but not cross-examination, in response to the jury's request for testimony concerning "from when he entered his own car up until he made the arrest of Jenkins."

While a request for readback is presumed to include cross-examination which impeaches the testimony which is read back (see, People v Sepulveda, 44 AD2d 846), the subject cross-examination was not encompassed by the jury note since cross-examination focused on events which occurred prior to the officer's entry of his own car.

At most, a juror's alleged statement manifested everyday perceptions and experience (People v Martin, 149 AD2d 534, lv denied 74 NY2d 814) and does not suggest that any impropriety occurred during jury deliberations.

Finally, we have examined defendant's contentions concerning the prosecutor's comments on summation and the juror's alleged statement as to discussion during deliberations and find no basis on which to reverse. Concur—Carro, J. P., Asch, Kassal and Smith, JJ.