■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT ALEXANDER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of murder in the second degree for the fatal stabbing of his girlfriend. There is no merit to his contention that the People failed to present legally sufficient evidence of an intent to kill. Such intent may be inferred from all of the facts and circumstances surrounding the incident, including the conduct of the accused in inflicting the fatal wounds (see, People v Jackson, 18 NY2d 516, 520; People v Horton, 18 NY2d 355, 359, cert denied 387 US 934; People v Milea, 112 AD2d 1011, 1013, lv denied 66 NY2d 921). Evidence that defendant threatened to kill the victim; that he grabbed a knife from her and stabbed her 15 times in the chest, abdomen and back; and that he fled from the scene with the knife in his hand was legally sufficient to support a finding that defendant acted intentionally.

The jury's rejection of the affirmative defense of extreme emotional disturbance was not contrary to the weight of evidence. Given the numerous conflicts between the testimony of an eyewitness and that of defendant, the jury's rejection of defendant's version of the events was not unreasonable. Additionally, defendant failed to establish a reasonable explanation for his claimed emotional disturbance (see, People v Casassa, 49 NY2d 668, 678, cert denied 449 US 842; People v Glaser, 168 AD2d 941).

The court did not abuse its discretion in permitting defendant to be cross-examined regarding an alleged assault upon the victim two months prior to the homicide *(see, People v Wright,* 167 AD2d 959, *lv denied* 77 NY2d 845; *People v Castrechino,* 134 AD2d 877, *lv denied* 70 NY2d 1005). Defendant failed to preserve the issue that his absence from the *Sandoval* hearing denied him the right to be present at a critical stage of the proceedings and we decline to review it in the interest of justice *(see, People v Cole,* 174 AD2d 970 [decided herewith]; *People v Favor,* 172 AD2d 1052; *People v Dunbar,* 172 AD2d 1006). We also decline to review the unpreserved issues that the court erred in its instructions on intent and extreme emotional disturbance. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Murder, 2nd Degree.) Present—Callahan, J. P., Denman, Balio, Lawton and Lowery, JJ.