■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH EADY, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant contends that his exclusion from the *Sandoval* hearing requires reversal. In defendant's absence County Court conducted a *Sandoval* conference in chambers wherein it ruled on the permissible scope of defendant's cross-examination relative to his prior convictions. Defense counsel, with defendant present, subsequently placed on the record his understanding of the *Sandoval* conference and the court's ruling. In *People v Alexander* (174 AD2d 996, *revd* 80 NY2d 801), a virtually identical *Sandoval* procedure was rejected as violating defendant's right to be present at a material stage of trial. Even absent objection by defense counsel, defendant's exclusion from the *Sandoval* hearing mandates reversal and the granting of a new trial *(see, People v Dokes,* 79 NY2d 656).

We have reviewed the remaining contentions contained in defense counsel's brief and defendant's *pro se* brief and find them to be without merit. (Appeal from Judgment of Monroe County Court, Maloy, J.—Robbery, 1st Degree.) Present—Callahan, J. P., Green, Lawton, Boehm and Davis, JJ.