OPINION OF THE COURT
Patricia D. Marks, J.
The defendant, Jason Balkum, was convicted after trial of the charges of attempt to commit the crime of sodomy in the first degree, sexual abuse in the first degree, two counts, and unlawful imprisonment in the second degree. The jury verdict was rendered on May 10, 1992. This decision involves the *480 interpretation of a recent Court of Appeals decision rendered June 10, 1992.
Defendant was convicted on charges related to events occurring on September 15, 1991. The testimony at trial indicated that the defendant, on that date, grabbed a woman who was walking by him on the street. He dragged her into the alley, pushed her, told her he had a knife, choked her, covered her mouth as she screamed, pinned her arms against the wall and tried to get on top of her. He pulled up her shirt and had sexual contact with her and attempted to commit sodomy with her by forcible compulsion.
Prior to the commencement of the trial, there was a conference in chambers at which the defendant was not present. At that time, certain issues were narrowed relative to the Sandoval hearing.
Defendant moves pursuant to CPL article 330 to have the verdict set aside since the defendant was not present in chambers during those discussions. The transcript would show that prior to commencement of the trial the court recited, on the record in the presence of the defendant, discussions that occurred in chambers regarding prior convictions for criminal trespass in the second degree in 1978 (a youthful offender adjudication), 1978 convictions for petit larceny and criminal trespass in the second degree which were pleaded down from a burglary in the third degree, a 1980 burglary in the third degree charge that was no-billed, a 1981 conviction of a class E felony for attempted burglary in the third degree, a 1983 charge of robbery in the second degree, unlawful imprisonment in the second degree and rape in the first degree for which defendant was convicted of unlawful imprisonment in the second degree. The prosecutor sought to have inquiry regarding underlying facts of the unlawful imprisonment conviction, including that the defendant took a purse and a car. There is also a 1988 criminal possession of a controlled substance in the third degree which was dismissed at the conclusion of the People’s case. The court ruled at that time that cross-examination would be permitted only with respect to the prior felony conviction of the attempted burglary in the third degree. With respect to the 1987 charge of unlawful imprisonment in the second degree, the court inquired into the underlying facts and the basis of those facts. At that time defense counsel had an opportunity to respond to those facts. Defense counsel presented information indicating that defendant was only a passenger in the car, that there was no *481 allegation that he was specifically involved in the assault of the woman nor that he personally took any property. He pleaded guilty to the unlawful imprisonment based upon his presence in the vehicle. At that time he did not challenge any facts related to the conviction for attempted burglary in the third degree.
The court would conclude that People v Dokes (79 NY2d 656) does not require a decision to set aside the verdict on these facts. While Sandoval hearings should not be conducted outside the presence of the defendant and it would have been preferable to not have any preliminary discussions in chambers, in this particular case those preliminary discussions served to narrow and define the issues. Subsequent to that, defendant had the opportunity for meaningful participation as required by the Court of Appeals decision. In fact, the defendant’s explanation resulted in a decision by the court to preclude the People from cross-examining the defendant about the underlying facts.
The concern of the Court of Appeals in the Dokes decision (supra) was that the court’s determination was based upon an unrebutted view of a prosecutor’s facts (see also, People v Eady, 185 AD2d 678). In this particular case, the defendant actively participated. It was clear at that time that the hearing was open to challenge of any ruling related to the Sandoval issue. At that particular point and time, the ruling with respect to five out of the seven incidents was favorable to the defendant, the court having reserved on one and made a decision regarding the prior conviction. It is inconceivable to this court that the defendant and his attorney were not aware that they could have challenged or raised facts disputing the conviction for attempted burglary in the third degree nor do they as of this date raise facts disputing the conviction of attempted burglary in the third degree in 1981.
It is therefore the judgment of this court that defendant’s motion to set aside the verdict be denied in all respects.