FOURTH DEPARTMENT, OCTOBER, 1992

(October 7, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY SMITH, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant argues on appeal that reversal is required pursuant to *People v Dokes* (79 NY2d 656) because he was absent from the *Sandoval* hearing, even though he never objected to the *Sandoval* procedure. Although there apparently had been a preliminary determination in defendant's absence that cross-examination regarding 10 prior bad acts and convictions would not be allowed and that cross-examination concerning 4 would be allowed, there was in fact a de novo hearing in defendant's presence with respect to the latter 4, during which the District Attorney detailed the convictions he intended to use, defense counsel questioned their use, and the court issued its ruling. This case therefore is distinguishable from *People v Alexander* (174 AD2d 996, *revd* 80 NY2d 801) and *People v Eady* (185 AD2d 678). In each of those cases, the *Sandoval* hearing took place in defendant's absence and all that occurred in defendant's presence was a recitation of the decision reached in his absence. Here, rever-

sal is not required because defendant was not prejudiced by the ruling in his favor with respect to the 10 prior bad acts and convictions initially excluded, and defendant was present at the de novo hearing with respect to the others.

We reject defendant's contention that he was denied effective assistance of counsel at trial. The evidence, the law and the circumstances of this case, viewed in totality, reveal that the representation provided by trial counsel was meaningful *(see, People v Baldi,* 54 NY2d 137, 147).

We have examined defendant's other contentions and find them also to be without merit. (Appeal from Judgment of Wayne County Court, Strobridge, J.—Murder, 2nd Degree.) Present—Boomer, J. P., Pine, Boehm, Fallon and Davis, JJ.