THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BERGER, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant was convicted, following a jury trial, of murder in the second degree (Penal Law § 125.25 [1]) for the execution-style killing of Patrick Vitarelli. The jury heard testimony from two witnesses, Frank Vicaretti and James Ryan, both of whom stated that they were present at the site of the murder outside a rural farmhouse in Canaseraga. Vicaretti and Ryan testified that they observed the murder from a short distance. There is considerable conflict, however, between their versions of the incident, especially as it concerned their location and that of defendant and the victim at the time the shooting occurred. During deliberations, the jury requested that "the testimony of James Ryan and Frank Vicaretti of their placement on the * * * farm at the time of the shooting" be read back. Although the record fails to disclose the actual testimony read back, we infer from defense counsel's objection and the court's response thereto that only the relevant portions of

the witnesses' *direct* testimony were read. The court asked the jury, "Is that what you wanted?" The court determined that the jury indicated in some manner that it was satisfied and directed them to resume deliberations. That was error.

While the manner in which a Trial Court responds to a jury request is largely discretionary, it must be meaningful (CPL 310.30; *People v Almodovar*, 62 NY2d 126, 131). When a request is made for testimony to be read back, it is presumed to include cross-examination which impeaches that testimony *(see, People v Jenkins*, 168 AD2d 315, *lv denied* 77 NY2d 878; *People v Sepulveda*, 44 AD2d 846). Based upon the request made by the jury, it was error for the court not to order the reading of the corresponding cross-examination. In our view, the failure to do so seriously prejudiced the defendant, warranting reversal *(see, People v Lourido*, 70 NY2d 428, 435). During his cross-examination, Vicaretti admitted having lied during his testimony before the Grand Jury concerning that very subject. Moreover, it was during Ryan's cross-examination that the inconsistencies in the versions of the event was developed. That was particularly important because, if the jury determined that Ryan was an accomplice, Vicaretti's testimony in corroboration was crucial *(see, CPL 60.22 [1])*. Thus, we cannot conclude that the error was harmless.

There is no merit to defendant's contention that the *Sandoval* hearing *(see, People v Sandoval*, 34 NY2d 371) was conducted in his absence *(People v Dokes*, 79 NY2d 656). Although proceedings were held on this issue in defendant's absence, the record unmistakably indicates that a de novo hearing was held at which defendant was present *(see, People v Smith*, 186 AD2d 976). We have examined defendant's contention that the court erred by not holding a *Ventimiglia* hearing *(see, People v Ventimiglia*, 52 NY2d 350) and find it to be without merit. Where, as here, the parties were aware of the content of the witnesses' testimony by reason of their prior sworn testimony before the Grand Jury and at another trial, there was no need to conduct a hearing. Viewing the evidence in a light most favorable to the People *(see, People v Malizia*, 62 NY2d 755, 757, *cert denied* 469 US 932), we conclude that there was legally sufficient evidence to support the jury's determination that conduct occurred within Monroe County sufficient to establish an element of the offense charged *(see, CPL 20.40 [1] [a]; People v Seifert*, 152 AD2d 433, 444, *lv denied* 75 NY2d 924). (Appeal from Judgment of Supreme Court, Monroe County, Corning, J.—Murder, 2nd Degree.) Present—Green, J. P., Pine, Boehm, Fallon and Doerr, JJ.