■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JABAUT, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the Judge presiding over the suppression hearing should have recused himself. The fact that the Judge had been the District Attorney when defendant was prosecuted on unrelated matters does not require recusal *(see, People v Jones,* 143 AD2d 465, 467; *People v Harris,* 117 AD2d 881, 882; *see also, People ex rel. Stickle v Fay,* 14 NY2d 683).

We have examined defendant's other contention and find it to be without merit. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Felony Driving While Intoxicated.) Present—Boomer, J. P., Pine, Lawton, Boehm and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAVERNE DEAN, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Reversal is required because defendant's absence from the in-chambers *Sandoval* hearing deprived him of his constitutional right to be present during all material stages of the trial *(see, People v Dokes,* 79 NY2d 656, 662; *People v Beasley,* 80 NY2d 981; *People v Kirkland,* 188 AD2d 1083 [decided herewith]). The fact that the court made its *Sandoval* ruling in defendant's presence is insufficient to satisfy defendant's right to be present at the *Sandoval* hearing *(see, People v Gebrosky,* 80 NY2d 995, revg 181 AD2d 692; *People v Eady,* 185 AD2d 678).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Wayne County Court, Sirkin, J.—Murder, 2nd Degree.) Present—Boomer, J. P., Pine, Lawton, Boehm and Fallon, JJ.