■ The People of the State of New York, Respondent, v Lester Lanaux, Appellant. [602 NYS2d 265] —Judgment unanimously affirmed. Memorandum: There is no merit to the contention that County Court erred in denying, without conducting a hearing, defendant's motion to set aside the verdict on the ground of juror misconduct *(see,* CPL 330.30 [2]). In light of a supporting affidavit detailing the long-standing relationship between defendant and the juror, defendant failed to set forth a credible explanation for failing to challenge that juror's qualifications during voir dire, and thus waived his right to raise that issue for the first time after the jury rendered its verdict *(see, People v Cosmo,* 205 NY 91, 101; *People v O'Keefe,* 281 App Div 409, 415, *affd* 306 NY 619; *People v Albright,* 104 AD2d 508, 510, *revd on other grounds* 65 NY2d 666).

We also reject defendant's contention that the People failed to present evidence sufficient to corroborate the accomplice's testimony *(see,* CPL 60.22). The testimony of a pawn shop operator identifying defendant as the person from whom he purchased items identified by three separate burglary victims, and proof of defendant's possession of other items also taken from those victims were sufficient to satisfy the People's evidentiary burden *(see, People v Coumbes,* 119 AD2d 935, *lv denied* 68 NY2d 811).

Assuming, arguendo, that defendant was not present during an initial *Sandoval* hearing conducted in chambers, the subsequent colloquy conducted in defendant's presence constituted a de novo hearing (see, People v Russell, 191 AD2d 1001; *People v Berger,* 188 AD2d 1073, *lv denied* 81 NY2d 881; *People v Smith,* 186 AD2d 976, *lv granted* 81 NY2d 794). Under the circumstances, defendant was not denied the right to be present at a critical stage of the proceedings *(cf., People v Dokes,* 79 NY2d 656). (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Robbery, 1st Degree.) Present —Green, J. P., Balio, Fallon, Doerr and Boehm, JJ.