■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VARGAS, JR., Appellant. [607 NYS2d 829] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of felony murder for the shooting death of a bystander during an attempted robbery in which defendant was a participant. Defendant contends that he was denied his right to be present during the *Sandoval* hearing; that the prosecutor improperly impeached certain of his witnesses; that the prosecutor improperly commented, and the court improperly instructed the jury, concerning defendant's silence; that the court improperly excluded certain evidence offered by the defense; and that the prosecutor made improper comments during voir dire concerning the burden of proof. We previously held this appeal and remitted for proceedings to reconstruct the circumstances surrounding an initial *Sandoval*

conference that took place in defendant's absence *(see, People v Mitchell,* 189 AD2d 337, 340, *lv dismissed sub nom. People v Walker,* 81 NY2d 1065).

Based on the facts developed at the reconstruction hearing and apparent on the face of the trial transcript, we conclude that reversal is not required pursuant to *People v Dokes* (79 NY2d 656). To the extent that the court's original *Sandoval* ruling was favorable to defendant, he was not denied the opportunity for meaningful input or otherwise prejudiced, and reversal is therefore not required *(see, People v Smith,* 82 NY2d 254, *affg* 186 AD2d 976). To the extent that the court's initial ruling was adverse to defendant, the cases hold that a defendant's absence from the initial *Sandoval* conference does not require reversal where subsequent proceedings conducted on the record in defendant's presence constitute a de novo inquiry *(People v Russell,* 191 AD2d 1001, *lv denied* 81 NY2d 1019; *People v Berger,* 188 AD2d 1073, 1074, *lv denied* 81 NY2d 881; *People v Smith,* 186 AD2d 976, *supra).* Here, defendant had the benefit of a de novo *Sandoval* hearing in which the court entertained argument from both counsel and defendant was afforded a meaningful opportunity to participate *(see, People v Smith, supra; cf., People v Breland,* 187 AD2d 283, 284). Thus, any error in conducting the initial conference in defendant's absence was cured *(see, People v Smith, supra).*

With respect to defendant's remaining contentions, we conclude that the improper impeachment by the prosecutor of his witnesses, to the extent such error was not preserved, did not deprive defendant of a fair trial, and to the extent that such error was preserved, was harmless error. The court's evidentiary rulings were proper; the jury was not misled by the prosecutor nor misinstructed by the court concerning defendant's admissions. Finally, defendant was not deprived of a fair trial by the prosecutor's remarks on voir dire. (Resubmission of Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Murder, 2nd Degree.) Present—Denman, P. J., Green, Balio, Lawton, and Davis, JJ.