■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARBARA COLE, Appellant. [609 NYS2d 469] —Judgment unanimously affirmed. Memorandum: We find no merit to the contention of defendant that her absence from the initial *Sandoval* hearing *(see, People v Sandoval,* 34 NY2d 371) deprived her of the right to be present at a critical stage of the trial *(see, People v Dokes,* 79 NY2d 656). Assuming, arguendo, that defendant was not present during the initial *Sandoval* conference, the subsequent colloquy conducted in defendant's presence constituted a de novo hearing *(see, People v Lanaux,* 197 AD2d 908; *People v Berger,* 188 AD2d 1073, *lv denied* 81 NY2d 881; *People v Smith,* 186 AD2d 976, *affd* 82 NY2d 254).

Defendant also contends that her conviction must be reversed because Penal Law § 125.25 (4) is unconstitutionally vague. Because the depraved mind murder statute is sufficiently definite to notify an individual of the conduct forbidden and provides specific standards for the jury to apply, it passes constitutional muster *(see, People v Poplis,* 30 NY2d 85, 89; *see also, People v Nelson,* 69 NY2d 302, 307; *People v Register,* 60 NY2d 270, 276-279, *cert denied* 466 US 953; *see also, People v Fardan,* 82 NY2d 638).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Monroe County Court, Egan, J.—Murder, 2nd Degree.) Present—Green, J. P., Balio, Lawton, Doerr and Boehm, JJ.