■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FLAX, Appellant. [624 NYS2d 1004] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of rape in the first degree and burglary in the second degree. The jury acquitted defendant of two counts of rape in the first degree, sodomy in the first degree and attempted sodomy in the first degree. We reject the contention of defendant that the verdict is against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

Additionally, we reject the contention of defendant that the prosecutor used peremptory challenges to exclude African-American jurors. Defendant failed to establish a prima facie case of unlawful discrimination by the prosecutor's use of peremptory challenges to strike two of four African-Americans from the jury *(see, People v Childress,* 81 NY2d 263, 266-267; *see also, Batson v Kentucky,* 476 US 79). Moreover, the prose-

cutor came forward with race-neutral explanations for exercising those challenges (see, Batson v Kentucky, supra, at 97-98).

There is no merit to the contention of defendant that reversal is required because he was denied his right to be present at the Sandoval hearing (see, People v Dokes, 79 NY2d 656). The record unmistakably establishes that defendant was present at a Sandoval hearing, at which the court made its Sandoval ruling (see, People v Thomas, 206 AD2d 927; People v Moore, 202 AD2d 1046, lv denied 84 NY2d 830; People v Lanaux, 197 AD2d 908, lv denied 82 NY2d 926, 83 NY2d 873; People v Russell, 191 AD2d 1001, lv denied 81 NY2d 1019).

We have reviewed the remaining issues advanced by defendant, including those raised in defendant's supplemental pro se brief, and we conclude that they are lacking in merit. (Appeal from Judgment of Erie County Court, Drury, J.— Rape, 1st Degree.) Present—Denman, P. J., Pine, Lawton, Doerr and Davis, JJ.