■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK LYNCH, Appellant. [629 NYS2d 136] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of sodomy in the first degree (Penal Law § 130.50 [3]), sexual abuse in the first degree (Penal Law § 130.65 [3]) and endangering the welfare of a child (Penal Law § 260.10 [1]). Defendant contends that he was denied his right to be present at a pretrial *Sandoval* conference *(see, People v Sandoval,* 34 NY2d 371) conducted in chambers. The record establishes that, although there were some initial *Sandoval* discussions in chambers in defendant's absence, a de novo hearing was held on the record in the courtroom with defendant present *(see, People v Britt,* 212 AD2d 1034). Reversal is not required pursuant to *People v Dokes* (79 NY2d 656) because defendant was afforded a meaningful opportunity to participate at that de novo hearing *(see, People v Smith,* 186 AD2d 976, *affd* 82 NY2d 254, *rearg denied sub nom. People v Favor,* 83 NY2d 801; *People v Britt, supra; People v Thomas,* 206 AD2d 927, *lv denied* 84 NY2d 940; *People v Moore,* 202 AD2d 1046, *lv denied* 84 NY2d 830; *People v Vargas,* 201 AD2d 963, 964, *lv denied* 83 NY2d 859). We reject the additional contention of defendant that County Court's *Sandoval* ruling was an abuse of discretion.

We agree with defendant that the court erred in permitting the six-year-old victim to testify under oath *(see, People v Maldonado,* 199 AD2d 563). That error, however, is harmless because her testimony was sufficiently corroborated by other evidence *(see, People v Green,* 181 AD2d 1060, *lv denied* 80 NY2d 831). Under the circumstances of this case and in view

of defendant's criminal history, the court did not abuse its discretion in imposing the maximum permissible sentence. (Appeal from Judgment of Oneida County Court, Buckley, J.— Sodomy, 1st Degree.) Present—Green, J. P., Fallon, Callahan, Doerr and Davis, JJ.