OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified and the case remitted to the Supreme Court, New York County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.
Defendant was convicted, after a jury trial, of criminal possession of a controlled substance in the fifth degree and sentenced to three to six years in prison. Prior to jury selection, the court and the attorneys referred to "a preliminary informal Sandoval conference” held earlier in the day (People v Sandoval, 34 NY2d 371). It is clear that the earlier conference was a Sandoval hearing at which the court determined what questions the prosecutor would be allowed to ask should the defendant take the stand. The following colloquy occurred:
"mr. o’rourke: Judge, I thought we agreed that she could delve into the questioning of Burglary in the First Degree and two misdemeanors, and—
"the court: That’s going to be my ruling.”
The decision on what could be asked had been determined at an earlier hearing, after a discussion of defendant’s one prior felony conviction and 30 prior misdemeanor convictions. Even if, as the dissent contends, the court "formally” announced its Sandoval decision at the later colloquy in defendant’s pres *1031 ence, the facts surrounding defendant’s extensive felony and misdemeanor history were not discussed at that time. To the contrary, the record of this subsequent conference indicates that the details surrounding defendant’s prior arrests and convictions were discussed only at the earlier, preliminary Sandoval conference. Given "the potential for meaningful participation by the defendant” during this factual discussion, he had a right to be present at the earlier conference (People v Dokes, 79 NY2d 656, 661).
The record does not reflect that defendant was present as required (People v Dokes, supra). Moreover, the discussion held just prior to the jury being selected was not a new Sandoval hearing since there was no opportunity for the defendant to meaningfully participate and no argument about what convictions or bad acts could be brought out by the prosecutor. A mere repetition or recitation in the defendant’s presence of what has already been determined in his absence is insufficient compliance with the Sandoval rule (People v Favor, 82 NY2d 254, 267). Reasonable persons may differ on the meaning of a record and, contrary to the view of the dissent, the entire colloquy regarding Sandoval simply does not lead to the conclusion that the defendant had a meaningful opportunity to participate in a Sandoval hearing.*
Accordingly, the case must be remitted for a hearing to determine whether or not defendant was present at that Sandoval proceeding (People v Michalek, 82 NY2d 906). If defendant was not present, a new trial must be held, preceded by a Sandoval hearing at which defendant is present. If it is determined that defendant was present, the judgment of conviction should be amended to reflect that result (.People v Michalek, 82 NY2d, at 907, supra).
APPENDIX
"ms. hart: It’s a one count case, Judge, possession fifth degree.
"Judge, we also had a preliminary informal Sandoval conference earlier today.
"If the defendant were inclined to testify, here, the People would be asking as we stated at the bench, to get in the 1986 felony conviction for Burglary in *1032 the Second Degree. The defendant also has approximately thirty misdemeanors and it was unclear as to what the Court had determined that he could be asked regarding that misdemeanor history.
"I’d request to be able to interrogate him on at least ten of those misdemeanors, of those thirty misdemeanors.
"He also has had felony parole revoked two times according to his RAP sheet and I believe that would be fair questioning since that’s a prior bad act. He’s also resentenced to a misdemeanor case which he had failed to do community service on. He also has an extensive bench warrant history, and I believe those factors, especially the patrol [sic] revocations, twice, are indications again of this defendant’s intent to put his own interest above those of society and they are also recent in time and I would request the Court to allow me to question him on those facts.
"the court: Mr. O’Rourke?
"mr. o’rourke: Judge, I thought we agreed that she could delve into the questioning of Burglary in the First Degree and two misdemeanors, and—
"the court: That’s going to be my ruling.
"mr. o’rourke: Okay. That’s fine.
"the court: The people will be allowed to elicit, should the defendant take the stand, the date of the conviction for the burglary charge, as well as the fact that it was a burglary conviction.
"ms. hart: A felony conviction?
"the court: What is the degree?
"ms. hart: Burglary in the Second Degree.
"the court: All right, Burglary in the Second Degree.
"I will also allow the People to elicit the fact that the defendant was convicted of two two [sic] misdemeanors, the two most recent misdemeanors with *1033 the date of the conviction without going into the nature or charges of those underlying facts.
"ms. hart: And nothing on the parole revocation?
"the court: No.”

 The entire discussion of the Sandoval issue is included in the Appendix.