■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS W. BARTELL, Appellant. [652 NYS2d 172] —Judgment unanimously affirmed. Memorandum: County Court erred in restricting defense counsel's cross-examination of a police officer with regard to a sexual harassment complaint filed against that officer by defendant's wife. Defendant was entitled to show the officer's hostility or bias toward him and the restriction of his cross-examination of the officer deprived defendant of his right of confrontation (*see, People v Vigliotti*, 203 AD2d 898, 898-899; *People v Green*, 156 AD2d 465, *lv denied* 75 NY2d 813). The evidence of defendant's guilt is overwhelming, however, and we conclude that there is no reasonable possibility that the error might have contributed to defendant's conviction; thus, the error is harmless beyond a reasonable doubt (*see, People v Crimmins*, 36 NY2d 230, 237; *cf., People v Ashner*, 190 AD2d 238, 248).

Although the record fails to establish whether defendant was present at the initial discussions of his *Sandoval* motion, a de novo hearing was conducted on the record with defendant present (*see, People v Smith*, 186 AD2d 976, *affd* 82 NY2d 254). Because defendant was afforded an opportunity to participate at that de novo hearing, reversal is not required (*see, People v Lynch*, 216 AD2d 929, *lv denied* 87 NY2d 904; *People v Smith, supra*). We reject the contention that the *Sandoval* ruling was an abuse of discretion. Defendant's further contention that the court erred in rendering an equivocal ruling (*see, People v Patterson*, 203 AD2d 597, 598) is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

We reject defendant's contention that reversal is required based on *People v Antommarchi* (80 NY2d 247, *rearg denied* 81 NY2d 759) because the *Antommarchi* rule applies prospectively only (*see, People v Mitchell*, 80 NY2d 519, 528; *People v Green*, 190 AD2d 1078, *lv denied* 81 NY2d 971). The court did not abuse its discretion in denying defendant's challenge for cause of a prospective juror who indicated that her mother had been a crime victim (*see, People v Madison*, 230 AD2d 807). We reject the contentions that cumulative error deprived defendant of a fair trial and that defendant was denied effective assistance of counsel. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Burglary, 2nd Degree.) Present—Green, J. P., Pine, Lawton, Doerr and Boehm, JJ.