# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

336

KA 09-02212

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DANHAILE R. REID, JR., DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), rendered August 17, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, assault in the second degree (Penal Law § 120.05 [3]), defendant contends that he was denied his right to be present at all material stages of his trial when a *Sandoval* hearing was conducted in his absence. We reject that contention. Although it is undisputed that defendant was not present at a pretrial conference at which *Sandoval* issues were discussed, the record establishes that Supreme Court declined to make a *Sandoval* ruling at that time because it did not know whether defendant would admit to the allegations of a special information concerning a robbery conviction in 1993. Even assuming, arguendo, that discussions at the pretrial conference with respect to *Sandoval* issues constituted a *Sandoval* hearing, we note that the record further establishes that, immediately prior to trial, the court conducted a de novo *Sandoval* hearing at which defendant was present, and defendant stated at that time that he would admit to the aforementioned allegations of the special information. The court then provided defendant a meaningful opportunity to argue his position with respect to the *Sandoval* issues before the court, including those raised by defendant in a submission to the court after the pretrial conference (*see generally People v Matthews*, 68 NY2d 118, 123). We conclude that, because the court did not issue a *Sandoval* ruling at the pretrial conference, and "[b]ecause defendant was afforded an opportunity to participate at [a] de novo *Sandoval* hearing, reversal

is not required" (*People v Bartell*, 234 AD2d 956, 956, *lv denied* 89 NY2d 983; *see People v Lynch*, 216 AD2d 929, 929, *lv denied* 87 NY2d 904; *cf. People v Monclavo*, 87 NY2d 1029, 1030-1031).

Defendant further contends that he was convicted of an unindicted crime because the trial testimony revealed a second "physical injury causing act" that had not been presented to the grand jury. "Because defendant's right to be tried and convicted of only those crimes charged in the indictment is fundamental and nonwaivable, we reach th[at] issue despite the fact that it is unpreserved" (*People v McNab*, 167 AD2d 858, 858). We nevertheless reject defendant's contention inasmuch as we conclude that defendant's actions constituted "a single, uninterrupted assault rather than a series of distinct criminal acts" (*People v Snyder*, 100 AD3d 1367, 1367, *lv denied* 21 NY3d 1010; *see People v James*, 114 AD3d 1202, 1205; *see also People v Alonzo*, 16 NY3d 267, 270).

Entered: May 2, 2014

Frances E. Cafarell
Clerk of the Court