People v Strong (2018 NY Slip Op 06382)





People v Strong


2018 NY Slip Op 06382


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


975 KA 15-01574

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIE STRONG, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered January 16, 2015. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree, assault in the second degree and resisting arrest. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), assault in the second degree
(§ 120.05 [3]), and resisting arrest (§ 205.30). We affirm.
In September 2013, a police officer operating a marked patrol vehicle observed defendant driving a van with one inoperative headlight. The officer engaged his vehicle's overhead lights and siren and attempted to stop the van, but defendant refused to stop. Officers in two police vehicles pursued the van. During the pursuit, someone in the van threw a long, black object from the rear passenger door. Thereafter, the van slowed, and an unidentified man jumped out and fled. Defendant eventually stopped the van, exited it, and then held his hands in front of his face in a boxing stance. When the officers attempted to place defendant in handcuffs, he flailed his arms violently. After the officers handcuffed defendant, one of the officers felt wrist pain; that officer was later diagnosed with a broken wrist. The officers recovered the black object that was thrown from the van, i.e., a 12-gauge shotgun, during the ensuing investigation and found a 12-gauge shotgun shell during an inventory search of the vehicle.
Defendant contends that County Court erred in instructing the jury on the automobile presumption because the evidence established that the weapon belonged to the passenger who fled the vehicle. We reject that contention. "[T]he presence of a firearm in a private automobile, other than a stolen vehicle, is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon, instrument or appliance is found, except . . . if such weapon, instrument or appliance is found upon the person of one of the occupants therein' " (People v Lemmons, 40 NY2d 505, 509 [1976], quoting Penal Law § 265.15 [3]). Here, there was no evidence indicating whether it was defendant or his passenger who brought the shotgun into the van. The evidence established, at most, that someone other than defendant handled the shotgun and disposed of it while defendant was driving the van. We conclude that "there was no clearcut' evidence at trial that the shotgun was found in the possession of a specified passenger in the vehicle other than defendant . . . [, and thus] the [automobile] presumption's applicability [was] properly left to the trier of fact under an appropriate charge' " (People v Collins, 105 AD3d 1378, 1379 [4th Dept 2013], lv denied 21 NY3d 1003 [2013]; cf. People v Willingham, 158 AD3d 1158, 1159 [4th Dept 2018]).
Defendant further contends that the court committed reversible error when it conducted a [*2]Sandoval hearing in his absence (see generally People v Dokes, 79 NY2d 656, 658 [1992]). We reject that contention as well. Although the record establishes that the court conducted off-the-record discussions with respect to the Sandoval issue with the prosecutor and defense counsel in defendant's absence, the court thereafter held a de novo hearing at which it afforded defendant a meaningful opportunity to participate (see People v Vargas, 201 AD2d 963, 964 [4th Dept 1994], lv denied 83 NY2d 859 [1994]). The court then issued a favorable ruling that was consistent with defendant's position at the de novo hearing. "Because defendant was afforded an opportunity to participate at that de novo hearing, reversal is not required" (People v Bartell, 234 AD2d 956, 956 [4th Dept 1996], lv denied 89 NY2d 983 [1997]; see People v Reid, 117 AD3d 1448, 1449 [4th Dept 2014], lv denied 23 NY3d 1041 [2014]).
Defendant also contends that he was denied effective assistance of counsel based on defense counsel's failure to introduce at the suppression hearing a photograph that allegedly disproved an officer's testimony at the hearing that he saw the shotgun shell in plain view. We reject that contention. Generally, defense counsel is not constitutionally ineffective where he or she overlooks a potentially useful piece of evidence, particularly where the evidence does not provide defendant with a completely dispositive defense (see People v Turner, 5 NY3d 476, 480-481 [2005]). Here, the photograph did not contradict the officer's testimony because it did not depict the location of the shotgun shell at the time the officer looked into the vehicle, but instead showed its location during the subsequent inventory search. We also reject defendant's contention that defense counsel was ineffective in failing to move to reopen the suppression hearing based on that photograph. "A suppression motion may be renewed upon a showing by the defendant[] that additional pertinent facts have been discovered by the defendant which he could not have discovered with reasonable diligence before the determination of the motion' " (People v Smith, 158 AD3d 1081, 1082 [4th Dept 2018], lv denied 31 NY3d 1121 [2018], quoting CPL 710.40 [4]). Here, a motion to reopen the suppression hearing would have failed because the photographs were available at the time of the hearing.
Viewing the evidence in light of the elements of the crimes of assault in the second degree and resisting arrest as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence with respect to those counts (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe.
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court