People v Sharp (2023 NY Slip Op 01602)

People v Sharp

2023 NY Slip Op 01602

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, BANNISTER, AND OGDEN, JJ.

78 KA 18-00943

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERIC D. SHARP, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered November 13, 2017. The judgment convicted defendant upon a nonjury verdict of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [3]). We affirm.
Defendant contends that he was denied his right to be present at a material stage of the trial when Supreme Court conducted an
in-chambers and off-the-record conference in his absence at which there was discussion regarding the People's previously submitted, written Sandoval application (see People v Dokes, 79 NY2d 656, 662 [1992]). We reject that contention. Although defendant was not present at the in-chambers conference, the court held a subsequent proceeding in open court in defendant's presence, at which the court offered defendant an opportunity to be heard on the People's application. Defense counsel declined. The court then made, and explained, its ruling on the People's application. Under those circumstances, we conclude that defendant was afforded a meaningful opportunity to participate at the court's subsequent de novo inquiry and his absence from the initial conference does not require reversal (see People v Reid, 117 AD3d 1448, 1449 [4th Dept 2014], lv denied 23 NY3d 1041 [2014]; People v Lynch, 216 AD2d 929, 929 [4th Dept 1995], lv denied 87 NY2d 904 [1995]; People v Vargas, 201 AD2d 963, 964 [4th Dept 1994], lv denied 83 NY2d 859 [1994]).
Defendant's contention that the statutes under which he was convicted are unconstitutional in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (— US &mdash, 142 S Ct 2111 [2022]) is not preserved for our review (see People v Jacque-Crews, — AD3d &mdash, 2023 NY Slip Op 00785, *1 [4th Dept 2023]; see generally People v Reinard, 134 AD3d 1407, 1409 [4th Dept 2015], lv denied 27 NY3d 1074 [2016], cert denied — US &mdash, 137 S Ct 392 [2016]).
Finally, we reject defendant's contention that the loss of certain video exhibits admitted in evidence at trial deprived him of effective appellate review. We conclude that the videos are not "needed to resolve the issues raised on appeal" (People v Yavru-Sakuk, 98 NY2d 56, 60 [2002]; cf. People v Jackson, 98 NY2d 555, 560 [2002]).
All concur except Curran, J., who dissents and votes to reverse in accordance with the following memorandum: I respectfully dissent and vote to reverse the judgment and grant a new [*2]trial because, after improperly conducting a Sandoval hearing in his absence (see People v Dokes, 79 NY2d 656, 662 [1992]), Supreme Court did not give defendant an opportunity to meaningfully participate in the purported de novo Sandoval hearing it conducted in his presence. In my view, the court's mere offer to defense counsel of an opportunity to be heard on the Sandoval application in defendant's presence—standing alone—was insufficient to constitute a de novo hearing on the issue. Consequently, defendant was denied his right "to be present during proceedings that involve factual matters for which the defendant possesses peculiar knowledge of the salient facts" (People v Wilkins, 37 NY3d 371, 378 [2021]; see Dokes, 79 NY2d at 660-661).
The relevant facts are undisputed. Specifically, prior to trial, the court conducted an off-the-record conference in chambers during which the Sandoval issue was addressed by both sides. Defendant was not present during that off-the-record discussion. Sometime thereafter, now back on the record and in defendant's presence, the court informed defense counsel that it was "going to make a ruling" and cursorily asked him if he "want[ed] to be heard, . . . on the
. . . Sandoval" application. Defense counsel declined the court's invitation, stating that he "would stand by our discussion in chambers." The court did not seek the prosecutor's input on the Sandoval application at that time, and the prosecutor did not offer any contribution on the issue. In short, neither party reasserted their position on Sandoval on the record at the court's invitation. At that point, the court merely proceeded to state its decision on the Sandoval application.
In my view, the court's purported de novo hearing, described above, did not provide defendant with a meaningful opportunity to participate in the Sandoval hearing (see People v Monclavo, 87 NY2d 1029, 1031 [1996]; People v Favor, 82 NY2d 254, 267 [1993], rearg denied 83 NY2d 801 [1994]; Dokes, 79 NY2d at 661-662). During the purported de novo hearing, the court did not "entertain[ ] argument from both counsel" (People v Vargas, 201 AD2d 963, 964 [4th Dept 1994], lv denied 83 NY2d 859 [1994])—i.e., the People failed to "detail[ ] the convictions [they] intended to use, [and] defense counsel [never] questioned the[ ] use [thereof]" (People v Smith, 186 AD2d 976, 976 [4th Dept 1992], affd 82 NY2d 254 [1993]). Indeed, as summarized above, the record demonstrates that the court's ultimate Sandoval ruling was based entirely on the "discussion in chambers," conducted outside of defendant's presence. To that end, I conclude that the majority's reliance on People v Reid (117 AD3d 1448 [4th Dept 2014], lv denied 23 NY3d 1041 [2014]) and People v Lynch (216 AD2d 929 [4th Dept 1995], lv denied 87 NY2d 904 [1995]) is misplaced because, in each of those cases, and unlike in this case, the trial court conducted some form of a de novo Sandoval hearing in the defendant's presence.
Also supporting my conclusion that the court's brief,
on-the-record discussion of Sandoval was insufficient to constitute a de novo hearing, I note that the Court of Appeals has held that when "a preliminary informal Sandoval conference" is followed by a subsequent "discussion" of the issue on the record in the defendant's presence at which the trial court announces its Sandoval decision, the later conference is "not a new Sandoval hearing [if] there was no opportunity for the defendant to meaningfully participate and no argument about what convictions or bad acts could be brought out by the prosecutor" (Monclavo, 87 NY2d at 1030-1031 [internal quotation marks omitted]). Monclavo is particularly instructive, in my view, because the Court of Appeals attached to its decision, as an appendix, a transcript of Supreme Court's on-the-record discussion of the Sandoval issue. In my view, the discussion in that case—which the Court of Appeals found to be insufficient as a de novo hearing—was far more substantial than the fleeting discussion here (see id. at 1031-1033). Consequently, it is hard to see how a brief one-line offer to defense counsel provided defendant a meaningful opportunity to be heard on Sandoval, such that it was a proper de novo hearing on the issue.
Further, the People do not contend on appeal—nor does the majority conclude—that defense counsel waived defendant's right to participate in the Sandoval hearing by declining to be heard in open court on that issue. Nor could they make such an argument inasmuch as nothing in the record supports the conclusion that defendant voluntarily relinquished a known right (see generally People v Geraci, 85 NY2d 359, 366 n 2 [1995]; People v Veaudry, 133 AD2d 524, 524 [4th Dept 1987], lv denied 70 NY2d 804 [1987]). Indeed, I note that defendant's right to be present was of singular importance here, particularly given defendant's peculiar knowledge of the salient facts pertaining to the Sandoval ruling (see Dokes, 79 NY2d at 660-661; cf. Wilkins, 37 NY3d at 378).
Finally, I also respectfully disagree with the majority's conclusion that the court "made" its Sandoval ruling during the purported de novo hearing conducted in defendant's presence (cf. Reid, 117 AD3d at 1449). The record of the court's ruling is equivocal on that point, and we will never know what occurred in chambers precisely because that conference was held off the record. Ultimately, the equivocal nature of the record only bolsters my conclusion that the court's mere offer to defense counsel to be heard on the Sandoval application was insufficient to cure the error in conducting the
off-the-record colloquy outside of defendant's presence, thereby requiring a new trial.
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court