People v Sharp (2024 NY Slip Op 05132)

People v Sharp

2024 NY Slip Op 05132

Decided on October 17, 2024

Court of Appeals

Rivera

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 17, 2024

No. 85 

[*1]The People & c., Respondent,
v
Eric D. Sharp, Appellant.

David R. Juergens, for appellant. 
Lisa Gray, for respondent.

RIVERA, J.

We reverse defendant's conviction and grant him a new trial. The trial court held a conference in defendant's absence on the prosecution's motion to cross examine him on his prior criminal conduct, in violation of his right to be present (see CPL 260.20; People v Dokes, 79 NY2d 656, 662 [1992]). The court held a subsequent hearing on the motion in defendant's presence. However, the court did not hear arguments on the merits, did not confirm defendant's understanding of the underlying facts or the merits of the application, and merely announced its decision. Thus, the subsequent proceeding did not provide for defendant's meaningful participation in the determination of the merits of the motion and did not cure the earlier violation.
***
Defendant was charged with one count of unlawfully possessing a defaced firearm (Penal Law § 265.02 [3]) and one count of unlawfully possessing a loaded firearm outside of his home or place of business (Penal Law § 265.03 [3]). Before trial, the prosecution filed a Sandoval application, served on defense counsel, to cross-examine defendant about seven prior convictions, one pending case, and the criminal conduct underlying each offense. The application enumerated these offenses and provided a date and description for each. The court held an in-camera, off-the-record conference on the motion with the prosecution and defense counsel, for which defendant was not present.
At a subsequent in-court appearance with defendant present, the following exchange occurred:
"COURT: . . . I'm going to make a ruling on the Molineux application. Do you want to be heard, [defense counsel], on the Molineux/Sandoval?
[DEFENSE COUNSEL]: Your Honor, I would stand by our discussion in chambers.
COURT: All right. I'm going to deny the request to use any Molineux evidence against Mr. Sharp at trial.
In regards to Sandoval, I reviewed the Sandoval application and if Mr. Sharp testifies I would not allow number 1, as far as moot. Number 2 is a violation. That would not be allowed. Number 3 is moot, not allowed. Number 4 is moot — is — let me see. That's just a felony conviction only, not the underlying facts. Number 5, I'd allow a misdemeanor, not the underlying facts. Number 7, the same, misdemeanor, underlying facts. Number 8 is currently pending in Monroe County Court sounds like, so that will not be allowed as it's currently pending, current status.
[DEFENSE COUNSEL]: It is pending, your Honor.
[PROSECUTOR]: Yes.
[DEFENSE COUNSEL]: I do represent him on that.
COURT: I'll not allow a pending charge to be used against him if he chooses to testify.
[PROSECUTOR]: Okay.
COURT: Okay. That is my ruling. Both parties have exceptions on that ruling. Mr. Sharp, I'll see you back here Thursday at 2:00, sir."
The case proceeded to a bench trial. The prosecution's evidence included the testimony of an officer involved in defendant's arrest, who stated that he observed defendant holding what appeared to be a handgun in the area where the police recovered the weapon. The prosecution also presented surveillance footage that they argued showed defendant carrying and hiding the handgun. Defense counsel referred to this footage to discredit the officer, asserting that his testimony was inconsistent with the video images and, more generally, to dispute that defendant possessed the weapon in question. The trial
court found defendant guilty on both counts and sentenced him to a term of imprisonment and post-release supervision.
The Appellate Division affirmed with one Justice dissenting (People v Sharp, 214 AD3d 1428 [4th Dept 2023]). The sole issue dividing the Court was defendant's claim that he was denied his right to be present during consideration of the prosecution's Sandoval application. The majority concluded that defendant had not been denied this right. The dissent concluded that defendant, although present for the later Sandoval proceeding, was denied an opportunity to meaningfully participate (see id. at 1429 [Curran, J., dissenting]). The dissenting Justice granted defendant leave to appeal.
Defendant argues that the court violated his right to be present during a material stage of his prosecution by failing to provide him the opportunity for meaningful participation at the in-chambers Sandoval hearing. The prosecution concedes that the defendant was not present for the in-chambers conference but responds, first, that the conference was not a Sandoval hearing at which defendant had a right to be present because the court rendered no decisions and, second, that the court cured any error by conducting a de novo hearing in defendant's presence.
Criminal Procedure Law § 260.20 requires that "[a] defendant must be personally present during the trial of an indictment." This section confers upon a defendant the right to be present at proceedings "where [the] defendant has something valuable to contribute" (People v Morales, 80 NY2d 450, 456 [1992]), including "the substantive portion of [a] Sandoval hearing" concerning the defendant's prior convictions (People v Favor, 82 NY2d 254, 265 [1993]; see Dokes, 79 NY2d at 662). As the Court explained in Dokes:
"the potential for meaningful participation by the defendant during the determination of the merits of a Sandoval motion is apparent. For example, the defendant is in the best position to point out errors in [their criminal record], to controvert the assertions by the prosecutor with respect to uncharged acts and to provide counsel with details about the underlying facts of both charged and uncharged acts. In short, the defendant's presence will help to ensure that the court's determination will not be predicated on the prosecutor's 'unrebutted view of the facts'"
(79 NY2d at 661, quoting People v. Ortega, 78 NY2d 1101, 1103 [1991]). "[P]rejudice is inherent when a defendant is deprived of the opportunity for meaningful participation" on a Sandoval application (Favor, 82 NY2d at 267).
Contrary to the prosecution's assertion, defendant had a right to be present at the initial, in-chambers conference on the prosecution's application. We confronted the same issue in People v Monclavo (87 NY2d 1029 [1996]). There, the trial court conducted "a preliminary informal Sandoval conference" without defendant, during which the court indicated how it would rule on the prosecution's application (id. at 1030 [internal quotation marks omitted]). Later, in the defendant's presence, the court reiterated its decision (see id. at 1031). We explained that even if the court only "formally" announced its decision in the subsequent proceeding, it nonetheless had erred, because "the facts surrounding defendant's extensive felony and misdemeanor history were not discussed at that time" (id. at 1031 [internal quotation marks omitted]). Here, counsel's argumentation and discussion of the facts underlying the defendant's prior convictions occurred only in chambers and outside defendant's presence. It is precisely a defendant's knowledge of those facts that underlies the right to be present for a Sandoval hearing (see Dokes, 79 NY2d at 661; id. at 660 ["In determining whether a defendant has a right to be present during a particular proceeding, a key factor is whether the proceeding involved factual matters about which defendant might have peculiar knowledge that would be useful in advancing the defendant's or countering the People's position"]). Defendant's absence from the in-chambers conference therefore violated that right.
Where a court has violated a defendant's right to attend in-person, the court may, nevertheless, provide "the opportunity for meaningful participation" in a subsequent proceeding (Favor, 82 NY2d at 267). Here, however, the subsequent in-court proceeding did not cure the violation.
As a preliminary matter, we reject the prosecution's suggestion that defendant's mere awareness in advance that the prosecution had filed a Sandoval application is the equivalent of an opportunity to participate. Notice is a precondition to the effective exercise of the right to participate but is no substitute for the right itself, which requires a defendant's physical presence at a time when they can "point out [factual] errors" in the record, "controvert . . . assertions by the prosecutor," and "provide counsel with details about the underlying facts" (Dokes, 79 NY2d at 661).
Nor did defense counsel's presence or comments in court satisfy CPL 260.20's mandate. The right to be present during the trial belongs to the defendant personally, not to defense counsel. Here, the court asked defense counsel if defense counsel "want[ed] to be heard," and counsel responded that he would rely on the in-chambers discussion. The court did not, however, ask defendant if he wished to be heard. Defendants generally are not permitted to speak directly to the court unless so instructed, but rather must communicate through counsel. Nor did the court meaningfully explain to defendant the nature of the proceeding. Further, the prosecution concedes that the court's statement to counsel alone could not have cured an earlier violation of defendant's rights. Under these circumstances, defense counsel did not bind defendant merely by declining to present new arguments, and defendant's silence, without more, cannot be construed as the knowing and intelligent waiver of defendant's right to participate (see People v Smith, 82 NY2d 254, 268 [1993] ["In view of the significant potential for meaningful [*2]participation by the defendant, there would seem to be little sound reason, short of an affirmative waiver, for excluding the defendant from any aspect, informal or formal, of the Sandoval proceeding"]).
Finally, the court's recitation of its Sandoval rulings in defendant's presence could not cure its earlier error. The court did not entertain argument on the Sandoval motion, did not articulate the arguments that had been made or the reasoning for its various decisions, referred to defendant's prior convictions by number only (as enumerated in the prosecution's application), and did not invite any participation from the defendant. This is even less than what occurred in Monclavo, where this Court held that the trial court's "repetition or recitation in the defendant's presence of what ha[d] already been determined in his absence" was insufficient to cure the earlier error (87 NY2d at 1031). A defendant has a right to hear the arguments and facts relevant to the determination of the Sandoval motion in order to meaningfully participate. The remedy for a violation of this right is reversal and remittal for a new trial (see Dokes, 79 NY2d at 662).
As to defendant's remaining claims, given that defendant is entitled to a new trial, we have no occasion to address defendant's claim that he was denied effective appellate review due to the loss of certain trial exhibits. In any event, we note that the prosecution has informed us, and defendant does not dispute, that the exhibits have been located and turned over to appellate defense counsel. Defendant's other claim, that his firearm convictions violate his Second Amendment rights as recognized by the United States Supreme Court in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]), was raised for the first time before the Appellate Division and is therefore unpreserved (see People v David, 41 NY3d 90, 96 [2023]; People v Cabrera, 41 NY3d 35, 46 [2023]).
Accordingly, the order of the Appellate Division should be reversed and a new trial ordered.
Order reversed and a new trial ordered. Opinion by Judge Rivera. Chief Judge Wilson and
Judges Garcia, Singas, Cannataro, Troutman and Halligan concur.
Decided October 17, 2024