■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BYRON MERRILL LANE, Appellant.— Appeal from a judgment of the County Court of St. Lawrence County convicting the defendant of assault, second degree and impairing the morals of a child. The defendant was indicted for the crimes of incest, rape first and second degree, assault second degree, adultery and impairing the morals of a child. The indictment arose from an occasion on which the defendant allegedly had sexual intercourse with his 15-year-old daughter against her will. The daughter testified as to the defendant's attack upon her and she stated that a penetration had occurred. The defendant denied the entire incident. The defendant contends that since the complainant's testimony indicated that a penetration had occurred the crime of incest was established if her testimony was believed by the jury and the defendant could not be convicted of assault with intent to commit that crime. In 1886 the Legislature repealed a statute which had provided that no person could be convicted of an assault with intent to commit a crime when the crime intended was perpetrated (L. of 1886, ch. 593, repealing Rev. Stat. of N. Y., part IV, ch. I, tit. VII, § 26). It was pointed out in *People* v. *Chimino* (270 App. Div. 114, 115, affd. 296 N. Y. 554) that this did away with the doctrine of merger as evidenced by that statute. The defendant relies on *People* v. *Aldrich* (58 Hun 603, opinion in 11 N. Y. S. 464 [1890]) which held that since all the evidence in that case indicated the rape had been completed a conviction for assault second degree could not be upheld. The *Chimino* case pointed out that the repeal of the above statute had apparently not been brought to the attention of that court. Furthermore, a reasonable doubt could have existed in the minds of the jury here as to whether there actually was a penetration. The complainant's testimony on this point which was not completely

convincing and her medical examination on the night in question showed an absence of male sperm could legitimately be the basis for a reasonable doubt on the question of penetration. It is asserted that reversible error was committed in refusing to permit a witness to testify as to a telephone conversation with the defendant's wife two weeks before the trial to show the wife's hostility to her husband. The hostility of a witness against the defendant may be shown by any competent evidence and it is unnecessary to first question the witness concerning the hostility (*People* v. *Michalow*, 229 N. Y. 325). It is discretionary with the trial court as to what extent such an examination may go (*People* v. *Brooks*, 131 N. Y. 321, 326) and since other evidence was introduced which demonstrated the wife's hostility this exclusion may either be considered as a proper exercise of discretion or as a technical error not affecting a substantial right of the defendant. It is also maintained that since a specific intent is necessary to make out assault second degree the defendant's intoxication was a defense to this crime. Since the defendant testified he had not been drinking heavily a question of fact was presented and that question was properly submitted to the jury. Judgment unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.