■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINICK AURICCHIO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered August 2, 1984, convicting him of robbery in the first degree, robbery in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of charges stemming from the knifepoint robbery of an acquaintance, who recognized the defendant after having pulled his mask off in a struggle. During the robbery the complainant received wounds that required 200 stitches to close.

The trial court refused to allow the defense attorney to introduce evidence that the complainant had told a friend that he knew the defendant was not guilty, but that he had to blame someone. Contrary to the defendant's claim, however, this statement was not an admission, because an admission can only be made by a party and the parties in a criminal action are the State and the defendant and the complainant is not a party *(see,* Richardson, Evidence § 209 [Prince 10th ed]).

The statement was, rather, a prior inconsistent statement. Such statements are admitted not for their truth, but to impeach the credibility of a witness (Richardson, Evidence §§ 213, 501 [Prince 10th ed]). Because such statements concern a collateral matter, the trial court must rule on their admissibility, and its determination is not subject to review unless there has been an abuse of discretion. There was no such abuse here *(see, People v Duncan,* 46 NY2d 74, 80-81, *rearg denied* 46 NY2d 940, *cert denied* 442 US 910). In any event, in light of the overwhelming evidence of guilt, we find any error to have been harmless *(see, People v Crimmins,* 36 NY2d 230).

The defendant also complains about the prosecutor's statements on summation. Clearly, some of the prosecutor's statements would have been better left unsaid. However, they were made in response to the defense attorney's summation, which

portrayed the complainant as untrustworthy and tried to reduce the issue to one of the credibility of the prosecution witnesses as opposed to the defense witnesses *(see, People v Marks,* 6 NY2d 67, 77-78, *cert denied* 362 US 912). To the extent that the prosecutor's statements were improper, they were harmless error *(People v Crimmins, supra,* at 241-242).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Brown, Lawrence and Spatt, JJ., concur.