■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE FOLK, True Name ROBERT LUCKERSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered March 27, 1984, convicting him of burglary in the third degree and criminal mischief in the fourth degree (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Police officers responding to a report of a burglary in progress at a bodega apprehended the defendant inside the premises. The defendant's accomplice was apprehended as he tried to exit through a broken window. The accomplice pleaded guilty to burglary and testified against the defendant while awaiting sentence. The defendant claims that the trial court erred in sustaining the People's objection to a question on cross-examination of the accomplice. We disagree.

As a general proposition, a defendant is entitled to show the hostility of any witness who testifies against him *(see, People v Thomas,* 46 NY2d 100, 105, *appeal dismissed* 444 US 891). Exclusion of all such evidence is, therefore, error *(see, People v McDowell,* 9 NY2d 12, 15). However, "[t]he extent to which an examination may go for the purpose of proving the hostility of a witness must be, to some extent, at least, within the discretion of the trial judge" *(People v Brooks,* 131 NY 321, 326). In the case at bar, the trial court permitted questioning to elicit facts establishing that the accomplice had pleaded guilty to the crimes charged and that because of his testimony he hoped to receive a recommendation of leniency from the Assistant District Attorney at the time of his sentencing. The trial court's limitation of further questioning in this area, particularly in view of the lack of any good-faith basis for the prohibited question, was not an abuse of discretion.

We also reject the defendant's claim on appeal that he was denied his right to effective representation by the trial court's refusal to grant his assigned counsel's request to be relieved because he and the defendant had had an argument. Since there is no indication in this record that the defendant was dissatisfied with his counsel, the court's denial of counsel's motion was proper *(cf., People v Medina,* 44 NY2d 199). Mollen, P. J., Eiber, Kooper and Harwood, JJ., concur.