■ The People of the State of New York, Respondent, v Darryl Green, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Copertino, J.), rendered January 2, 1986, convicting him of robbery in the second degree (two counts), attempted robbery in the second degree (three counts) and assault in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). However, there is merit to the defendant's claim that the court improperly precluded him from offering extrinsic evidence concerning the interest, bias and hostility of the People's identification witness David Stines.

Generally, a cross-examiner is bound by the answers of a witness to questions concerning collateral matters inquired into solely to affect credibility *(see, People v Pavao,* 59 NY2d 282, 288-289; *People v Schwartzman,* 24 NY2d 241, 245). Therefore, the cross-examiner may not call other witnesses to contradict answers concerning collateral matters solely for purpose of impeaching credibility *(People v Pavao, supra,* at 288-289). However, a witness's bias, interest or hostility is not collateral and may be shown, regardless of a witness's denial *(see, People v Chin,* 67 NY2d 22, 28, 31; *People v Beavers,* 127 AD2d 138, 141; *People v Ellis,* 126 AD2d 663, 664) and is directly probative of credibility *(see, People v Thomas,* 46 NY2d 100; *People v Ellis, supra).* Consequently, a cross-examiner may impeach a witness for bias or hostility by extrinsic evidence *(see,* Richardson, Evidence § 503 [Prince 10th ed]). Moreover, to deny a defendant an opportunity to contradict answers given by a previous witness to show bias, interest, or hostility may deny the defendant's right to confrontation *(see, People v Chin, supra; People v Ellis, supra).*

At bar, defense counsel made it clear that the proffered witness Robert Moore was to testify as to David Stines's hostility toward the defendant and his interest in naming the defendant as one of the perpetrators. It is clear that David

Stines's testimony did not indicate the extent of his bias and hostility toward the defendant and his family. Indeed, he testified that while his family did not like the Greens and that he was no longer friendly with the Green brothers, his family did not hate the Greens. Further, Stines denied requesting $25 from one of the victims in exchange for his naming any of the perpetrators. The alleged receipt of $25 from one of the victims, Michael Realmuto, to name persons involved in the attack would show at least some interest on Stines's part in naming the defendant and his brother as participants in the attack, especially in light of the evidence at trial that Stines himself participated in the attack. Stines flatly denied telling Moore, the proffered witness, that he had requested any money from Realmuto or that he did not like the Green family because they "stole" his sister. In view of the foregoing, we conclude that the trial court's ruling precluding the defendant from impeaching Stines's testimony with extrinsic evidence was error, and deprived the defendant of his right to confront Stines, a witness against him.

The failure to permit the defendant to offer this testimony was not harmless. The victims of the attack could not identify any of the assailants. Stines, who was named by two other witnesses as being involved in the attack, was the only witness who could identify the defendant as one of the assailants. Where, as here, the case turns on the jury's assessment of the credibility of the People's sole identification witness as against the credibility of the defendant's alibi witnesses, an error of this nature cannot be said to be harmless (see, e.g., People v White, 57 NY2d 129; People v De Jesus, 42 NY2d 519; People v Cook, 103 AD2d 751; see also, People v Bailey, 58 NY2d 272, 278; People v Beckford, 138 AD2d 613). Accordingly, the judgment of conviction must be reversed and a new trial ordered.

In view of our conclusion, the defendant's remaining contentions need not be addressed. Lawrence, Rubin and Spatt, JJ., concur.

Balletta, J., dissents and votes to affirm the judgment appealed from, in the following memorandum in which Thompson, J. P., concurs. I must respectfully disagree with my colleagues in the majority. This court recently stated that "[a]s a general proposition, a defendant is entitled to show the hostility of any witness who testifies against him * * * (see, People v McDowell, 9 NY2d 12, 15). However, '[t]he extent to which an examination may go for the purpose of proving the hostility of a witness must be, to some extent, at least, within

the discretion of the trial judge' *(People v Brooks,* 131 NY 321, 326)" *(People v Folk,* 145 AD2d 505; *see also, People v MacDonald,* 53 AD2d 980; *People v Lane,* 9 AD2d 979).

At the trial herein, David Stines, apparently the only eyewitness to the assault who was able to identify the defendant as one of the assailants, was extensively cross-examined about his relationship with the defendant and the defendant's family. Defense counsel was also able to elicit the fact that although he had been friendly with the Green family at one time in the past, he was no longer friendly with them. Stines stated that he was convinced by his parents to sever the friendship because the defendant's parents had once accused Stines's parents of abusing Stines's sister. Emmit Stines, David's brother, testified on cross-examination that he blamed the Green family for their part in influencing Stines's sister to leave, and, in his words, influencing her to live with the Greens in "an immoral role". He also claimed that he and the defendant had a fight in which the defendant attacked him with a machete.

The majority makes much of the fact that Stines did not come right out and say that he "hated" the defendant. However, it is readily apparent that any bias or hostility on the part of Stines, as well as the motivation therefor, towards the defendant was fully before the jury. Thus, the proffered testimony of Moore would have only been cumulative on the issue, and the trial court therefore did not abuse its discretion in excluding it *(see, People v Polk,* 84 AD2d 943).

Furthermore, Moore's claim that Stines had told him that he has asked the victim for $25 in return for naming the attackers was clearly irrelevant to the question of Stines's purported hostility against the defendant. There is no indication that Stines conditioned the $25 upon his naming the defendant as the victim's assailant, and the majority's leap in logic in connecting the two is unsupported by the record.

The defendant's remaining contentions are equally without merit, and I therefore vote to affirm the judgment.