■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK VIGLIOTTI, Appellant. [611 NYS2d 413] —Judgment unanimously reversed on the law, new trial granted on counts two through four of indictment and indictment otherwise dismissed without prejudice to the People to file any appropriate charge under count one of indictment. Memorandum: Defendant was shackled and handcuffed at trial. The shackling of a defendant in the presence of the jury is inherently prejudicial and constitutes reversible error unless a reasonable basis therefor is in the record or it is clear that the jury was not prejudiced thereby (People v Rouse, 79 NY2d 934, 935; People v Mendola, 2 NY2d 270, 275; People v Thomas, 125 AD2d 873, 874). The only basis in this record for shackling and handcuffing defendant was a report of the Sheriff's Department, which was received in evidence. County Court did not state its reasons on the record. The report of the Sheriff's Department, standing alone, did not provide a sufficient basis for the shackling and handcuffing, nor is it clear on this record that the jury was not prejudiced thereby. Thus, reversal and a new trial on counts two through four are required. Inasmuch as defendant was convicted of the lesser included offense of driving while ability impaired under count one of the indictment, that count is dismissed without prejudice to the People to file any appropriate charge under that count (see, People v Gonzalez, 61 NY2d 633, 635; People v DiMartino, 203 AD2d 934 [decided herewith]).

Reversal also is required based on the preclusion of evidence of Officer Whitney's hostility or bias toward defendant. "[A] cross-examiner may impeach a witness for bias or hostility by

extrinsic evidence" *(People v Green,* 156 AD2d 465, *lv denied* 75 NY2d 813). The denial of the opportunity to contradict answers given by a witness to show bias, interest or hostility in this case deprived defendant of his right to confrontation *(see, People v Green, supra).* We cannot say that the error was harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230, 237).

In view of our decision, we do not address defendant's remaining contentions. (Appeal from Judgment of Onondaga County Court, Auser, J.—Attempted Assault, 1st Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Boehm, JJ.