■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE L. SYKES, Appellant. [638 NYS2d 258] —Judgment unanimously reversed on the law and new trial granted on counts one through three of indictment. Memorandum: Defendant appeals from a judgment convicting him of two counts of criminal possession of a controlled substance in the third degree and one count of obstructing governmental administration. Upon the conclusion of jury selection, defense counsel indicated to the court that "in front of the jurors [defendant] has some type of weight apparatus that is strapped with a belt around his leg and that it's very noticeable". Counsel requested that the restraint be removed or, in the alternative, that it be hidden under defendant's clothing. The prosecutor expressed no opposition "on what are otherwise appropriate security measures that are usually in force". County Court denied defense counsel's request, stating, "[w]hatever the Sheriff's Department deems is appropriate for the Defendant to provide security and a certain modicum of same in the courtroom is up to the Sheriff's Department".

It is well established that "a defendant may not be physically restrained before the jury unless there is a reasonable basis, articulated on the record, for doing so" *(People v Rouse,* 79 NY2d 934, 935; *see, People v Mendola,* 2 NY2d 270; *People v Vigliotti,* 203 AD2d 898). Here, no reasonable basis was articulated on the record to warrant the use of the restraint nor is it clear from the record that the jury was not prejudiced by the use of the restraint *(see, People v Vigliotti, supra,* at 898). Thus, reversal and a new trial on counts one through three of the indictment are required.

Inasmuch as a new trial is granted, we observe that the court improvidently exercised its discretion by permitting, over objection, sworn jurors to sit directly behind the defense table while

further jury selection took place. In our view, that seating arrangement created an unacceptable risk that attorney-client communication would be impermissibly impeded *(see generally, Holbrook v Flynn,* 475 US 560, 570; *Estelle v Williams,* 425 US 501, 504-505, *reh denied* 426 US 954) and, arguably, interfered with defendant's right to effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137, 146).

In light of our determination, we do not address the remaining contentions advanced by defendant. (Appeal from Judgment of Ontario County Court, Harvey, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.