■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY PAUL, Appellant. (Appeal No. 1.) [645 NYS2d 682] —Judgment unanimously reversed on the law and new trial granted. Memorandum: "The shackling of a defendant in the presence of the jury is inherently prejudicial and constitutes reversible error unless a reasonable basis therefor is in the record or it is

clear that the jury was not prejudiced thereby" (*People v Vigliotti,* 203 AD2d 898; *see, People v Rouse,* 79 NY2d 934, 935; *People v Sykes,* 224 AD2d 986). Here, County Court did not articulate a reasonable basis for the shackling of defendant and the prejudice to defendant is apparent from the record. The court took no steps to minimize the jury's view of the leg shackles (*cf., People v Houk,* 222 AD2d 1074) and their use was highlighted by a witness who identified defendant in court as the individual wearing a "[b]lue shirt and tie and ankle cuffs." Further, in its instruction to the jury, the court stated that, although defendant presented no security risk, it was the court's policy to shackle all defendants who failed to make bail. Inasmuch as we are granting a new trial, we call attention to the impropriety of the prosecutor in suggesting that defendant fabricated his testimony after having had the advantage of hearing the People's proof (*see, People v Smith,* 192 AD2d 806, 808, *lv denied* 81 NY2d 1080; *People v Jackson,* 143 AD2d 363); in beginning his cross-examination of defendant by addressing the fact that he had been incarcerated since his arrest; in asking defendant to characterize a prosecution witness as a liar and whether any other witnesses had a reason to lie (*see, People v Paul,* 212 AD2d 1020, 1021, *lv denied* 85 NY2d 912; *People v Parks,* 120 AD2d 920, 921, *lv denied* 67 NY2d 1055); in stating on summation that defendant had a reason to fabricate testimony because he was on trial (*see, People v Hudson,* 104 AD2d 157, 158); in making insulting references to defendant's character and in denigrating the defense as an attempt to "dance" and "block the view of the jury to the evidence"; and in vouching for the credibility of his witnesses (*see, People v LaDolce,* 196 AD2d 49, 57; *People v Clark,* 195 AD2d 988, 990). There were other improprieties as well. It would seem, by now, unnecessary to emphasize again that the duty of the prosecutor is to honor established legal principles, not to secure a conviction by any and all means (*see, People v Payne,* 187 AD2d 245; *People v Mott,* 94 AD2d 415).

Finally, defendant's plea of guilty to a violation of probation must be vacated because the violation is predicated upon the conviction that we are reversing and because defendant pleaded guilty with the understanding that the sentence would be concurrent with the sentence imposed on the conviction being reversed (*see, People v Santana,* 163 AD2d 495, 497, *affd on other grounds* 78 NY2d 1027; *see also, People v Fuggazzatto,* 62 NY2d 862; *People v Walker,* 210 AD2d 1002). (Appeal from Judgment of Livingston County Court, Cicoria, J.—Burglary, 3rd Degree.) Present—Denman, P. J., Green, Wesley, Balio and Boehm, JJ.