■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL LUIS SAMPEL, Appellant. [791 NYS2d 745]—

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered September 19, 2002. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the first degree and menacing in the second degree.

It is hereby ordered that the judgment so appealed from be

and the same hereby is reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal contempt in the first degree (Penal Law § 215.51 [b] [i]) and menacing in the second degree (§ 120.14 [1]). Defendant's former girlfriend testified at trial that defendant violated an order of protection that prohibited defendant from having contact with her and that defendant raised a hammer over his head and threatened to kill her. Contrary to defendant's contention, County Court did not abuse its discretion in refusing to permit defendant to cross-examine his former girlfriend with respect to an alleged prior bad act in an attempt to impeach her credibility (*see generally People v Lucius*, 289 AD2d 963, 964 [2001], *lv denied* 98 NY2d 638 [2002]; *People v Melcherts*, 225 AD2d 357 [1996], *lv denied* 88 NY2d 881 [1996]). We agree with defendant, however, that the court erred in refusing to permit a defense witness to testify that defendant's former girlfriend told that defense witness that she had defendant arrested in order to obtain defendant's vehicle. Defendant's former girlfriend denied on cross-examination that she had made such a statement, and defendant was denied the opportunity to show that his former girlfriend had an interest in his arrest and incarceration by providing extrinsic evidence that contradicted her testimony on cross-examination. "The denial of the opportunity to contradict answers given by a witness to show bias, interest or hostility in this case deprived defendant of his right to confrontation" (*People v Vigliotti*, 203 AD2d 898, 899 [1994]; *see People v Bartell*, 234 AD2d 956 [1996], *lv denied* 89 NY2d 983 [1997]; *People v Green*, 156 AD2d 465 [1989], *lv denied* 75 NY2d 813 [1990]). Defendant was convicted based solely on the testimony of his former girlfriend and an order of protection admitted in evidence, and thus it cannot be said that the error is harmless beyond a reasonable doubt (*see generally People v Crimmins*, 36 NY2d 230, 237 [1975]; *Vigliotti*, 203 AD2d at 899; *cf. Bartell*, 234 AD2d 956 [1996]). We therefore reverse the judgment and grant a new trial (*see Vigliotti*, 203 AD2d at 898-899).

All concur except Hurlbutt, J., who concurs in the result in the following memorandum.

Hurlbutt, J. (concurring). I respectfully concur in the result only. I agree with the majority that County Court erred in precluding defendant from introducing evidence of a statement made by the complaining witness, defendant's former girlfriend, to her brother. On cross-examination, the complaining witness denied that she had "put [defendant] in jail" in order to gain

possession of a vehicle owned by defendant but titled in her name. In an offer of proof, defendant tendered the testimony of the brother of the complaining witness that she had told him in the presence of two other persons that she had "purposely put [defendant] in jail just to get the van." The court excluded the proffered testimony as hearsay. Without addressing whether the hearsay rule applies, the majority concludes that the testimony was improperly excluded because defendant was "denied the opportunity to show that [the complaining witness] had an interest in his arrest and incarceration by providing extrinsic evidence that contradicted her testimony on cross-examination." The majority thus concludes that defendant was denied his right of confrontation, implicitly concluding that the evidence was admissible as evidence-in-chief. I cannot agree with that analysis.

"The Confrontation Clause provides two types of protections for a criminal defendant: the right physically to face those who testify against him, and the right to conduct cross-examination" (*Pennsylvania v Ritchie*, 480 US 39, 51 [1987]; *see Kentucky v Stincer*, 482 US 730, 739 [1987] ["functional purpose" of Confrontation Clause is "in ensuring a defendant an opportunity for cross-examination"]; *People v Eastman*, 85 NY2d 265, 274 [1995] ["fundamental right embodied in the Confrontation Clause is the right to cross-examine one's adverse witness"]; *see generally Crawford v Washington*, 541 US 36 [2004]). The right of confrontation includes the right to cross-examine a witness concerning bias or motivation to testify falsely (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]; *Davis v Alaska*, 415 US 308, 315-317 [1974]; *Cotto v Herbert*, 331 F3d 217, 248-249 [2d Cir 2003]). Here, defendant's attorney was permitted to cross-examine the complaining witness concerning her alleged statement to her brother, and thus there is no support for the conclusion of the majority that defendant's right of confrontation was implicated (*cf. Van Arsdall*, 475 US at 679; *Davis*, 415 US at 318; *Cotto*, 331 F3d at 249). Indeed, if any constitutional right was implicated herein, it was, as defendant contends, the Sixth and Fourteenth Amendment due process right to present witnesses to establish a defense (*see Taylor v Illinois*, 484 US 400, 409 [1988], *reh denied* 485 US 983 [1988]; *Washington v Texas*, 388 US 14, 19 [1967]; *People v Robinson*, 89 NY2d 648, 652-653 [1997]).

In my view, the evidence should have been received, not as evidence-in-chief, but for impeachment purposes as a prior inconsistent statement. "All relevant evidence is . . . admissible at trial unless barred by some exclusionary rule" (*People v*

*Mateo*, 2 NY3d 383, 424 [2004], *cert denied* — US —, 124 S Ct 2929 [2004]). Here, the court properly concluded that the alleged statement of the complaining witness is hearsay because it was offered for the truth of the matter asserted, i.e., that she had falsely accused defendant in order to garner possession of his vehicle (*see People v Caviness*, 38 NY2d 227, 230 [1975]; *see generally* Barker and Alexander, Evidence in New York State and Federal Courts § 8:1 [2001 ed]; Prince, Richardson on Evidence § 8-101 [Farrell 11th ed]). Contrary to defendant's contention, the alleged statement could not be received under the admission exception to the hearsay rule. "[A]n admission can only be made by a party and the parties in a criminal action are the State and the defendant[;] the [complaining witness] is not a party" (*People v Auricchio*, 141 AD2d 552 [1988], *lv denied* 72 NY2d 954 [1988]; *cf. People v Collins*, 301 AD2d 452 [2003], *lv denied* 1 NY3d 570 [2003] [admission of defendant properly received as inconsistent with his position at trial]; *see generally* Prince, Richardson on Evidence § 8-201 [Farrell 11th ed]). Also contrary to defendant's contention, the alleged statement is not admissible as a declaration against penal interest (*see People v Settles*, 46 NY2d 154, 167 [1978]; *People v Dove*, 262 AD2d 995 [1999], *lv denied* 94 NY2d 822 [1999]). Thus, contrary to the conclusion of the majority, evidence of the alleged statement was properly excluded as evidence-in-chief.

Nevertheless, because the proffered testimony bore directly on the issues before the jury and thus was not collateral, the court should have received it as a prior inconsistent statement for the limited purpose of impeaching the credibility of the complaining witness (*see People v Hudy*, 73 NY2d 40, 56-57 [1988]; *People v Wise*, 46 NY2d 321, 327-328 [1978]; *People v Moore*, 193 AD2d 627, 628 [1993]; *see generally* Barker and Alexander, Evidence in New York State and Federal Courts §§ 6:50, 8:7; Prince, Richardson on Evidence § 8-104 [a], 2002-2003 Cum Supp, at 158 [Farrell 11th ed]). Present—Green, J.P., Hurlbutt, Scudder, Lawton and Hayes, JJ.