THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MCFARLEY, Appellant. [818 NYS2d 379]—

Appeal from a judgment of the Monroe County Court (Elma A. Bellini, J.), rendered May 11, 2001. The judgment convicted defendant, upon a jury verdict, of rape in the third degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of rape in the third degree (Penal Law § 130.25 [2]) and endangering the welfare of a child (§ 260.10 [1]). We agree with defendant that reversal is required based on County Court's error in restricting defense counsel's cross-examination of a prosecution witness who had information concerning the motivation of the victim and her mother to allege that defendant had raped the victim and in refusing to allow defendant to present testimony with respect to such motivation. Defendant was entitled to explore his theory that the victim and her mother had a profit motive in accusing defendant of rape five months after the alleged rape occurred and his theory that the victim accused defendant of rape based on a movie she had seen. "Whether rooted directly in the Due Process Clause of the Fourteenth Amendment . . . or in the

Compulsory Process or Confrontation clauses of the Sixth Amendment . . . , the [US] Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense' " (*Crane v Kentucky*, 476 US 683, 690 [1986]). "The denial of the opportunity to contradict answers given by a witness to show bias, interest or hostility . . . deprived defendant of his right to confrontation" (*People v Vigliotti*, 203 AD2d 898, 899 [1994]; *see People v Bartell*, 234 AD2d 956 [1996], *lv denied* 89 NY2d 983 [1997]). Here, defendant sought to cross-examine a witness with respect to a statement by the victim's mother in which she had threatened to "sue." In addition, he sought to present testimony that the victim had watched the movie "Wild Things," which dealt with high school students who made false allegations of rape against a teacher, and that the victim had commented to a defense witness that she would like to "try it on somebody." "[E]xtrinsic proof tending to establish a reason to fabricate is never collateral," and the court erred in precluding defense counsel from presenting that proof (*People v Hudy*, 73 NY2d 40, 56 [1988]). Because it cannot be said that there is no reasonable possibility that the error contributed to the verdict, the error cannot be deemed harmless beyond a reasonable doubt and reversal therefore is required (*see People v Sampel*, 16 AD3d 1023 [2005]; *Vigliotti*, 203 AD2d at 898-899; *see generally People v Crimmins*, 36 NY2d 230, 237 [1975]). Present—Gorski, J.P., Martoche, Green, Pine and Hayes, JJ.