ing *People v Jones*, 261 AD2d 920, 920 [1999], *lv denied* 93 NY2d 972 [1999]). "The trier of fact's determination will be set aside if there is a 'serious flaw' in the testimony of the People's experts," and here there was no such flaw (*People v Bernstein*, 255 AD2d 388, 388 [1998], *lv denied* 93 NY2d 850 [1999], quoting *People v Mainville*, 59 AD2d 809, 809 [1977]). According great deference to County Court's resolution of credibility issues (*see People v Gritzke*, 292 AD2d 805, 805-806 [2002], *lv denied* 98 NY2d 697 [2002]), we cannot agree with defendant that the verdict rejecting his theory with respect to the cause of the victim's fatal injuries is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN L. JONES, Appellant. [829 NYS2d 364]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered August 2, 2005. The judgment convicted defendant, after a nonjury trial, of rape in the third degree (two counts), criminal sexual act in the third degree (three counts) and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a bench trial of two counts of rape in the third degree (Penal Law § 130.25 [2]), three counts of criminal sexual act in the third degree (§ 130.40 [2]) and one count of endangering the welfare of a child (§ 260.10 [1]). The conviction arises from two incidents involving a 15-year-old girl, one in July 2003 and the other in December 2003. We reject defendant's contention that reversal is required based on the variance between the dates of the incidents alleged in the indictment and the proof at trial with respect to those dates. According to defendant, that variance rendered the evidence legally insufficient to establish the offenses charged in the indictment and deprived him of a fair trial and the right to present a defense. With respect to each of the offenses, "[t]he time of the offense is not a material element of the offense and the variance is relatively minor" (*People v Davis*, 15 AD3d 920, 921 [2005], *lv denied* 4 NY3d 885, 5 NY3d 787 [2005]). Thus, reversal is not required (*see id.*; *People v Holman*, 249 AD2d 947 [1998], *lv denied* 92 NY2d 899 [1998]). Contrary to defendant's further contentions, Supreme Court properly exercised its discretion in limiting defendant's cross-examination of the complainant (*see People v Corby*, 6 NY3d 231, 234-235 [2005]; *cf. People v McFarley*, 31 AD3d 1166 [2006]), the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]), and defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Smith, Lunn and Green, JJ.