■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS GOMEZ, Appellant. [913 NYS2d 758]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered January 11, 2008, convicting him of rape in the second degree, course of sexual

conduct against a child in the second degree, sexual abuse in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the facts and as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Queens County, for a new trial.

The defendant was accused, inter alia, of engaging in sexual misconduct with the younger sister of his common-law wife during the period of time from November 1998 through May 1999, when the child was nine years old. The defendant was also charged with rape of the child sometime between November and December 2002. The child never reported any of this conduct until 2006, when she revealed the alleged abuse to her mother. The defendant denied the accusations and contended that the child was upset with him after he and his wife sent her from Florida, where the three had been living together, to live with her mother in New York. After trial, the defendant was convicted of rape in the second degree, course of sexual conduct against a child in the second degree, sexual abuse in the first degree, and endangering the welfare of a child.

On appeal, the defendant argues, inter alia, that the Supreme Court committed reversible error when it precluded him from presenting two witnesses. These witnesses were husband and wife who lived in North Carolina; at trial, the child described the husband as an "old family friend." During a trip in which the child was being driven by her sister from Florida to New York, so that the child could live with her mother, they stayed over at the witnesses' house. When asked by the Supreme Court to "elucidate . . . the relevanc[e] of the[ir] testimony," defense counsel stated that these witnesses would testify that when the child visited, they discussed the situation about her returning to New York; that the child told the husband that the abuse never happened; that she wanted to continue to live in Florida with her sister and the defendant; that she even "beg[ged]" them to go back to Florida; and that there were "no problems" in Florida. This was in contrast to the child's earlier trial testimony, wherein she denied that she made any statements concerning the alleged abuse to the witnesses, and she testified that the extent of her conversation with the witnesses in North Carolina was "[j]ust hi, how are you and how was school." The Supreme Court precluded these witnesses from testifying on the basis that their testimony would have been collateral. This was error.

"Whether rooted directly in the Due Process Clause of the Fourteenth Amendment . . . or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the [United

States] Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense' " (*Crane v Kentucky*, 476 US 683, 690 [1986] [citations omitted], quoting *California v Trombetta*, 467 US 479, 485 [1984]). "The denial of the opportunity to contradict answers given by a witness to show bias, interest or hostility . . . deprive[s] [a] defendant of his right to confrontation" (*People v Vigliotti*, 203 AD2d 898, 899 [1994]; *see People v Bartell*, 234 AD2d 956 [1996]). Moreover, proof which tends to "establish a reason to fabricate is never collateral" (*People v Hudy*, 73 NY2d 40, 56 [1988]; *see People v McFarley*, 31 AD3d 1166 [2006]).

Here, the defendant sought to elicit testimony which would have contradicted the child's previous answers regarding what was discussed on the stopover visit in North Carolina. The testimony also would have tended to buttress the defendant's contention that the child fabricated her allegations soon after the defendant and his wife sent the child back to New York to live with her mother. Accordingly, under these circumstances, the Supreme Court improvidently exercised its discretion in precluding the witnesses from testifying. Furthermore, since the evidence against the defendant was not overwhelming and there is a reasonable possibility that this error contributed to the verdict of guilt, it cannot be deemed harmless (*see People v Sampel*, 16 AD3d 1023 [2005]; *see generally People v Grant*, 7 NY3d 421 [2006]; *People v Crimmins*, 36 NY2d 230 [1975]).

The defendant's remaining contentions either are without merit or have been rendered academic in light of our determination. Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur.