WETHERELL, J.
Nabor Mendoza appeals his convictions and sentences for kidnapping and two counts of sexual battery. Mendoza argues that he is entitled to a new trial because the prosecutor undermined his constitutional right to be present at trial by implying during cross-examination that Mendoza tailored his testimony after hearing the other witnesses’ testimony. For the reasons that follow, we affirm.
At trial, the victim testified that Mendoza drove up in his van to a bus stop where she was waiting and asked if she needed a ride. When she refused the offer, he pointed a gun at her and told her to get in his van. After the victim got inside the van, Mendoza ripped off her dress and forced her to give him oral sex. Mendoza also forced the victim to have vaginal sex. Later, after Mendoza made her get out of the van, the victim noticed that she was bleeding from her vagina.
A medical examination revealed vaginal tears consistent with a sexual battery. A vaginal swab confirmed the presence of sperm cells in the victim’s vagina. Mendoza’s DNA profile matched the DNA obtained from these sperm cells. The victim later positively identified Mendoza as her assailant from a photo spread.
Mendoza testified at trial that the victim approached him for a ride. After driving around for a while, she asked if he wanted to have sex with her, and they had consensual sex. This account differed from Mendoza’s pretrial statements to the police that he did not have sex with the victim. During cross-examination, the prosecutor confronted Mendoza with this inconsistency and also asked:
STATE: You’ve had the opportunity to sit through each witness’ testimony, correct?
MENDOZA: We talking about this moment?
STATE: Yes. Today.
MENDOZA: Yes, sir.
STATE: You heard what they said?
MENDOZA: Yes, sir.
STATE: And you’ve had an opportunity after hearing what they say to testify yourself?
MENDOZA: Yes, sir.
STATE: You would agree that that has given you an advantage over the other witnesses, wouldn’t you?
MENDOZA: I don’t understand what do you mean an advantage? Can you explain?
STATE: Sure.
[[Image here]]
STATE: I’ll clarify. [None] of the other witnesses have been able to hear the other witnesses testify, correct?
MENDOZA: Correct.
Defense counsel objected to this line of questioning, arguing that Mendoza had a constitutional right to be present at his own trial and that the questions amounted to an improper comment on that right. The trial court overruled the objection, finding that the questions were not unfair or improper. Following the jury’s guilty verdict, the trial court sentenced Mendoza to life in prison with a 25-year minimum mandatory on the sexual battery counts and to a concurrent term of 25 years in prison on the kidnapping count.
We have found no Florida authority, and Mendoza cites none, supporting his contention that error occurs when a prosecutor comments on the defendant’s right to attend his own trial. Mendoza analogizes such comments to prosecutorial comments *443 on a defendant’s Fifth Amendment right against self-incrimination, which courts have held to be improper. See, e.g., State v. Hoggins, 718 So.2d 761, 769 (Fla.1998) (“If the comment is fairly susceptible of being construed by the jury as a comment on the defendant’s exercise of his or her right to remain silent, it violates the defendant’s right to silence.”).
A similar issue to that presented in this case was addressed by the United States Supreme Court in Portuondo v. Agard, 529 U.S. 61,120 S.Ct. 1119,146 L.Ed.2d 47 (2000).[1] In Portuondo, the defendant filed a federal habeas petition in which he argued that his Fifth, Sixth, and Fourteenth Amendment rights were violated when the prosecutor suggested in closing argument that the defendant had tailored his testimony after hearing the other witnesses testify. Id. at 64, 120 S.Ct. 1119. The District Court denied the petition, but the Second Circuit reversed because the comments implied that the defendant’s presence at trial was evidence of guilt and thus penalized the defendant for exercising his constitutional rights. Agard v. Portuondo, 117 F.Sd 696, 709 (2d Cir.1997) (explaining that the comments implied that “a truthful defendant would have stayed out of the courtroom before testifying or would have testified before other evidence was presented”). The Supreme Court reversed the Second Circuit and held that the prosecutor’s comments concerned the defendant’s credibility as a witness and thus were constitutionally permissible. Agard, 529 U.S. at 69-73,120 S.Ct. 1119.
The Supreme Court reasoned that when a defendant takes the stand, he assumes the role of a witness and places his credibility at issue as other witnesses do and that allowing the prosecutor to argue the defendant’s credibility to the jury was an appropriate means of counteracting any tailoring of the defendant’s testimony. Id. at 70, 120 S.Ct. 1119. The Court specifically rejected the contention that comments of tailoring were analogous to comments concerning the Fifth Amendment right to remain silent. Id. at 74-75, 120 S.Ct. 1119. The Court noted that the Fifth Amendment, through the Miranda warnings, contained an implicit “assurance that silence will carry no penalty.” Id. at 74, 120 S.Ct. 1119. In contrast, there was no similar promise of impunity in Sixth Amendment jurisprudence concerning a defendant’s right to be present at trial. Id. at 75,120 S.Ct. 1119.
The Portuondo majority noted that the Circuit Court’s decision distinguished between comments made in closing argument and accusations of tailoring made during cross-examination of the defendant, with the Circuit Court finding the latter permissible and the former not. Id. at 72-73, 120 S.Ct. 1119 (citing Agard, 117 F.3d at 708). The majority, however, rejected the notion that “the distinction between cross-examination and summation is critical” in determining the validity of attacks on a defendant’s credibility. Id. Accordingly, because the Supreme Court deemed tailoring comments during closing argument to be proper, it implicitly deemed such comments made during cross-examination to be proper as well. Indeed, Justice Ginsburg, in her dissent, acknowledged that it was permissible for prosecutors to make accusations of tailoring during cross-examination as this would serve the truth-seeking function of a trial *444 and cross-examination was the primary means of contesting the credibility of any witness. Id. at 79, 87, 120 S.Ct. 1119 (Ginsburg, J., dissenting).
The weight of authority both before[2] and after[3] Porbuondo favors permitting the prosecutor to question a defendant on cross-examination about possible tailoring of his testimony due to his presence during the testimony of other witnesses. The general rationale for allowing such questions is that when a defendant chooses to take the stand and testify on his own behalf, he is subject to impeachment and credibility attacks on cross-examination, the same as any other witness. Additionally, unlike closing argument, the defendant is afforded the opportunity to respond to cross-examination attacks during re-direct examination, and, during cross-examination, the jury has the opportunity to assess the defendant’s credibility and the accuracy and reasonableness of his testimony.
We agree with this rationale and hold that a prosecutor may question a defendant on cross-examination about the possibility of tailoring his testimony based on his presence in the courtroom during the testimony of other witnesses. Such questions are designed to challenge the credibility of the defendant as a witness, which is a proper purpose of cross-examination. See Steinhorst v. State, 412 So.2d 332, 337 (Fla.1982) (recognizing that a proper purpose of cross-examination is “to weaken, test, or demonstrate the impossibility of the testimony of the witness on direct examination”).
*445 Accordingly, the trial court did not err in overruling the objection to the prosecutor’s questions on cross-examination of Mendoza. Moreover, even if the ruling in this case was erroneous, the error was harmless beyond a reasonable doubt. The line of questions quoted above comprised less than two of the 280 pages of the trial transcript, and there was considerable DNA evidence and other testimony presented against Mendoza. Furthermore, the jury could see that Mendoza had been present for the entire trial and could use its own judgment in weighing his testimony. Consequently, there is no reasonable possibility that the cross-examination questions affected the jury’s verdict. See Ventura v. State, 29 So.3d 1086 (Fla.2010) (explaining that the harmless error test asked whether error contributed to jury’s verdict).
For these reasons, we affirm Mendoza’s convictions and sentences.
AFFIRMED.
THOMAS and MARSTILLER, JJ., concur.

. We commend Mendoza’s appellate counsel for bringing this case to our attention in his reply brief even though the State had not cited the case in its answer brief. See Boca Burger, Inc. v. Forum, 912 So.2d 561, 573 (Fla.2005) (“The heart of all legal ethics is in the lawyer's duty of candor to a tribunal .... [ejvery lawyer must spontaneously disclose contrary authority to a tribunal.”).

. See e.g., State v. Walker, 972 S.W.2d 623 (Mo.App.1998) (holding that not plain error for prosecutor to question defendant about his presence in courtroom during testimony of other witnesses); Davis v. State, 221 Ga.App. 131, 470 S.E.2d 520 (1996) (holding that trial court properly overruled defendant’s objection to prosecutor's questions on cross-examination concerning the fact that he was present throughout trial and was the only witness who heard all other testimony); State v. Hoxsie, 101 N.M. 7, 677 P.2d 620 (1984) (determining that state had right to inquire on cross-examination whether defendant’s testimony had been tailored to the testimony of other witnesses because related to credibility of defendant as witness), overruled on other grounds by Gallegos v. Citizens Ins. Agency, 108 N.M. 722, 779 P.2d 99 (1989). But see People v. Paul, 229 A.D.2d 932, 645 N.Y.S.2d 682 (N.Y.App.Div.1996) (calling attention to the impropriety of the prosecutor in suggesting that defendant fabricated his testimony after having advantage of hearing proof against him).

. See e.g., State v. Martin, 171 Wash.2d 521, 252 P.3d 872 (2011) (agreeing with Justice Ginsburg’s dissent that suggestions of tailoring are appropriate during cross-examination); Rosales-Martinez v. State, 810 N.W.2d 26, 2011 WL 6740152 (Iowa 2011) (stating that the prosecutor’s questioning of defendant about his presence through trial before having to testify was permissible cross-examination); Commonwealth v. Gaudette, 441 Mass. 762, 808 N.E.2d 798 (2004) (noting that prosecutor’s questions during cross-examination concerning the differences in defendant’s testimony and other witnesses' testimony was proper); Valdez v. Mazzuca, 2002 WL 1364089 (E.D.N.Y. Jun. 21, 2002) (determining no constitutional violation where prosecutor in cross-examination suggested that defendant had advantage of hearing witnesses and tailoring his testimony accordingly). But see State v. Daniels, 182 N.J. 80, 861 A.2d 808, 820 (2004) (stating that, although issue was not raised by defendant, "if there is evidence in the record that a defendant tailored his testimony, the prosecutor may cross-examine the defendant based on that evidence. However, at no time during cross-examination may the prosecutor reference the defendant's attendance at trial or his ability to hear the testimony of preceding witnesses.”); State v. Dobbins, 725 N.W.2d 492 (Minn.2006) (holding that state’s cross-examination questions about defendant’s presence at trial and ability to tailor testimony based on evidence presented was improper where state failed to present any evidence of "actual tailoring”).