People v Vo (2018 NY Slip Op 07909)





People v Vo


2018 NY Slip Op 07909


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND NEMOYER, JJ.


1215 KA 15-01397

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DUNG . VO, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered May 22, 2014. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of sexual abuse in the first degree (Penal Law
§ 130.65 [3]). Defendant contends, and the People correctly concede, that Supreme Court improperly precluded him from presenting evidence tending to establish that the complainant had a reason to fabricate the allegations against defendant (see generally People v Hudy, 73 NY2d 40, 56 [1988], abrogated on other grounds by Carmell v Texas, 529 US 513 [2000]; People v McFarley, 31 AD3d 1166, 1166-1167 [4th Dept 2006]), and that a new trial must therefore be granted (see McFarley, 31 AD3d at 1166).
It is well settled that " [t]he right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations' " (People v Horton, 145 AD3d 1575, 1575-1576 [4th Dept 2016], quoting Chambers v Mississippi, 410 US 284, 294 [1973]). "It is also well settled that in presenting the defense, counsel for the defendant may establish, during both cross[-]examination and on [defendant's] direct case, the [complainant's] . . . motive to lie . . . This is not a collateral inquiry, but is directly probative on the issue of credibility' " (id. at 1576). Here, as in People v Ocampo (28 AD3d 684, 686 [2d Dept 2006]), "the excluded evidence was not speculative . . . or cumulative . . . , as it went directly to the credibility of the complainant[, and] the defense counsel offered a good faith basis for the excluded line of questioning [and evidence]." "Because it cannot be said that there is no reasonable possibility that the error contributed to the verdict, the error cannot be deemed harmless beyond a reasonable doubt and reversal therefore is required" (McFarley, 31 AD3d at 1167; see generally People v Crimmins, 36 NY2d 230, 237 [1975]).
Defendant also correctly contends that the court erred in permitting the People to present prompt outcry testimony that exceeded the proper scope of such testimony. Although "evidence that a victim of sexual assault promptly complained about the incident is admissible to corroborate the allegation that an assault took place" (People v McDaniel, 81 NY2d 10, 16 [1993]), such evidence is limited to "only the fact of a complaint, not its accompanying details," including the identity of the assailant (id. at 17; see People v Rice, 75 NY2d 929, 932 [1990]). We thus conclude that the court erred in permitting two of the three prompt outcry witnesses to testify concerning the identity of the alleged assailant (see generally McDaniel, 81 NY2d at 17; Rice, 75 NY2d at 932).
We thus conclude that either error, alone, would justify reversal and that the cumulative effect of the errors denied defendant a fair trial (see generally People v Shanis, 36 NY2d 697, 699 [1975]).
Based on our determination, the remainder of defendant's contentions are academic.
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court